Catherine EMILY, Appellant,

v.

**MISSOURI STATE DIVISION OF FAMILY SERVICES, Respondent.**

**No. KCD 29741.**

Missouri Court of Appeals, Kansas City District.

July 31, 1978.

Motion for Rehearing and/or Transfer Denied Aug. 28, 1978.

Application to Transfer Denied Oct. 10, 1978.

Effie F. Day, James M. Smith, Legal Aid of Western Missouri, Kansas City, for appellant.

Robert R. Northcutt, Paul T. Keller, Division of Family Services, Jefferson City, for respondent.

Before SHANGLER, P. J., SWOFFORD, C. J., and WASSERSTROM, J.

SHANGLER, Presiding Judge.

The claimant Emily appeals from a judgment which affirms the decision of the Missouri State Division of Family Services to deny general relief and medical assistance benefits for August of 1976. The benefits were denied on the basis of Division Rule and Regulation 40–2.070(1) [now codified at 13 C.S.R. 40–2.070]:

*General Relief shall not be granted to employable persons or to persons living in households containing an employable* specified relative. Such specified relatives are the spouse, father, mother, *sister,* brother, son, daughter, grandfather, grandmother, and their spouse. [Emphasis supplied]

The claimant was given a hearing on her claim for benefits. The evidence was that claimant Emily sublet an apartment from her sister Patricia for the month of August while she was away from the city on a leave of absence. Patricia did not live in the apartment during the month although she left her possessions there and visited a number of times. The claimant Emily paid the rent money directly to the sister and not to the landlord. The claimant became ill during the month and spent much of that time in the hospital.

The decision of the Director to deny benefits recites:

. . . The fact that claimant's sister continued to maintain the living quarters as her own, by the presence of her personal belongings, maintaining her mailing address, and the landlord considering her as a tenant, along with not having an established address elsewhere, would indicate that she did live at the [apartment] address during the period of time in question and was away from the home merely for vacationing. The claimant is considered living in an employable household with a specified relative and the . . action to deny benefits for August is sustained.

It is conceded that the claimant herself was not an employable person. The decision rests on the evident rationale, therefore, that the apartment arrangement between the sisters constituted a *household* not eligible for general relief by Regulation 40–2.070(1) because one of the sisters was employable. The circuit court affirmed the decision of the Director. Our review determines whether this decision is authorized by law, and if so, whether it rests on competent and substantial evidence on the whole record. *Hill v. State Department of Public*

*Health and Welfare,* 503 S.W.2d 6, 8 (Mo. banc 1973).

The claimant contends that Rule 40–2.-070(1) which denies general relief to an unemployable person merely for living in a household with an employable relative [sister] conflicts with § 208.010.3, RSMo 1969 which considers the resources of the relative only to the extent that they are actually available for the support of the unemployable who seeks public assistance. This section, however, expressly refers to *eligibility and grant of benefits under federally aided programs* and has no relevancy to the assistance the claimant seeks. The general relief and medical assistance program is completely state funded. [C.C.S.H.B. 6, 79th General Assembly, First Regular Session; see also, Appropriations, Missouri Session Laws 1976–77.] The benefit for an unemployable person to aid or public relief is established by § 208.150.1(2) within the means test of § 208.010.1. That test determines need by "consideration of all facts and circumstances surrounding the claimant, including his living conditions, earning capacity, income and resources, from whatever source received . . . in accordance with standards developed by the Division of Family Services."

The standard developed by the Division to govern benefits to an unemployable person is expressed in Regulation 40–2.070. That regulation defines *unemployable person* in terms of *household* composition. The claimant questions the validity of the regulation because it does not require actual support by the employable relative, but only that they compose the same household. It is evident from the decision, on the other hand, that the Director understands *household* to mean *house* within the context of the regulation.

The validity of an administrative rule or regulation is reviewed in the light of the ill sought to be cured and will be sustained unless unreasonable or plainly inconsistent with the enactment. A rule or regulation is not unreasonable merely because it may be burdensome, but only if it bears no rational relationship to the legislative pur-

pose. *Foremost-McKesson, Inc. v. Davis,* 488 S.W.2d 193, 197[1–4] (Mo. banc 1972). The care of the poor and the prevention of suffering of those in want from age, infirmity or other dependency, are legitimate purposes of an enlightened government. *Jennings v. City of St. Louis,* 332 Mo. 173, 58 S.W.2d 979, 982[4, 5] (Banc 1933); 79 Am.Jur.2d, Welfare Laws, §§ 1 & 2. These are the ends served by the public assistance provisions of Chapter 208—in the terms of § 208.010.1—"to provide such persons with reasonable subsistence compatible with decency and health." In order to give fair effect to this remedy within the limited means available, the legislature has authorized the Division of Family Services to establish uniform standards. §§ 208.010.1, and 208.265. Regulation 40–2.070(1) undertakes such a standard for unemployable persons.

The validity of Regulation 40–2.-070(1) depends upon whether that standard bears a reasonable relationship to the purpose of Chapter 208 to provide public assistance to those in need of general relief. The welfare benefits of § 208.010—general relief among them—issue as family services and are meant to enhance the home unit. § 207.020.1(15); *Garrard v. State Department of Public Health and Welfare,* 375 S.W.2d 582, 589–90[14, 21] (Mo.App.1964). To determine eligibility the law takes into account "all facts and circumstances surrounding the claimant, including his living conditions, earning capacity, income and *resources from whatever source received."* § 208.010.1 [Emphasis supplied]. A regulation which denies general relief to an unemployable person who lives in a household containing an employable relative falls within the compass of § 208.010.1 only if the household relative can be deemed a *resource* within that statute. It is evident the Director construes the Division regulation to deny relief to a claimant who merely occupies living quarters with an employable relative, whether or not as components of a household or for actual support. In this, the Director misapplies the sense of the regulation and contradicts the statutory test for means and eligibility.

The promulgated Regulation 40–2.070(1) operates to disqualify for general relief all "persons living in households containing an employable specified relative." We must assume that the term *household* as used in the regulation means to subserve the purpose of matrical § 208.010.1. The word *household* is various in definition according to the purpose intended. *Ferbrache v. Grand Lodge,* 81 Mo.App. 268, 271 (1899). In general definition, *household* signifies a domestic unit—a collection of parents and children or of an even broader body of persons who live together under the same roof, subsist together and direct their attention to a common object and are under one head. *Roller v. Montgomery's Estate,* 45 S.W.2d 945, 947[2] (Mo.App.1932). And in the particular context of § 208.010.1 which determines eligibility for public welfare by the resources available to a claimant to live in decency and health, *household* imports a condition of reciprocal dependency and support. *Elliott v. Thomas,* 161 Mo.App. 441, 143 S.W. 563, 564[2, 3] (1912). In short, a household is a family [41 C.J.S. Household; 35 C.J.S. Family] and the regulation term *household* reflects the statutory policy that, where a claimant is part of a domestic unit, welfare benefits issue as *family* services. § 207.020.1(15).

The decision of the Director to deny general relief to claimant Emily rests on the determination that

. . . the presence of her personal belongings, maintaining her mailing address, and the landlord considering her as a tenant, along with not having an established address elsewhere, would indicate that she [the sister] did live at the [apartment] address during the period of time in question. . . .

These findings do not suggest a family relationship of support by the sister to the claimant during this interim or that the sister was a *resource* which enabled claimant Emily to live in decency and health. Nor do the findings suggest that permanency of relationship which is the character of a household [*Wentz v. Chicago, B. & Q. R.*

*Co.*, 259 Mo. 450, 168 S.W. 1166, 1172[9] (1914), but only a transitory use by one relative of the living quarters of another. If we may assume the finding of the Director that the sister continued to maintain the living quarters as her own even in her absence, such a "presence" would not suffice to prove a household within the meaning of the regulation in the absence of a domestic purpose between them. A sister has no duty to a sister however needy, and the Division of Family Services may not create an obligation for support the law does not require. See, *Howlett v. Social Security Commission*, 347 Mo. 784, 149 S.W.2d 806, 810[10] (Banc 1941). Yet, the construction given by the Director to the regulation presumes such an obligation merely from the fact of a habitation shared between sisters.

 The regulation which defines *unemployable person*—and thus eligibility for general relief—in terms of household composition is validly based upon the statutory purpose but only when construed in terms of the family relationship as a resource of *actual* support. The decision of the Director, however, rests on an error of law and a misconstruction of the Division regulation. In that determination the Director has assumed that the sister was a *resource* available to the claimant and that evidence of actual support or other source of subsistence was not a necessary proof to deny general relief. That was in violation of § 208.010.1 that:

> [i]n determining the eligibility of a claimant for public assistance under this law it shall be the duty of the division of family services to consider and take into account all facts and circumstances surrounding the claimant, including his living conditions, earning capacity, income and resources, from whatever source received
>
> . . . .

The judgment of the circuit court is reversed with directions to remand the cause to the Division of Family Services for further proceedings.

All concur.