Dear Senator Schneider:
This opinion is in response to your question regarding the authority of the Missouri State Board of Accountancy (hereinafter the "Board") to commence a positive enforcement program. Specifically, your question asks:
 As a condition of registering an office as provided for in section 326.055, and pursuant to the rulemaking authority vested in the Board by the legislature to promulgate rules setting the requirements for registration of an office and issuance of permits (326.110.5), and without a complaint having been filed, may the State Board of Accountancy by rule require each office so registered to provide the Board with reports on financial statements (compilation, review and audit) for the purpose of allowing the Board to determine if the reports are substandard as part of the Board's statutory authority to promulgate rules to establish and maintain high standards of competence and integrity in the profession of public accounting (section 326.110.2) and if those reports are determined to be substandard to require that certain remedial measures be taken by the licensee or appropriate disciplinary action be taken by the Board.
The information you enclosed with your opinion request describes the positive enforcement program as follows:
* * *
 In summary as proposed, the regulations would operate as follows: as a condition for registering a public accounting office in Missouri, and without a complaint having been filed, the Board would require that each public accounting office submit with its annual registration application, one copy of each type of financial report, i.e., a compilation, a review and an audit. If an office did not perform one or more of the types of reports a statement to that effect will be sufficient in lieu of the report. Once received the Board and its delegates will review the financial reports to determine if they have been prepared in conformity with generally accepted accounting principles and generally accepted auditing standards. The proposed rules provide safeguards for protecting confidentiality and proprietary interests. The system is designed so that members of small firms would be reviewing similar size firms and large firms by other larger firms and so forth. If it is determined upon review that the reports fail to comply with professional standards, various levels of remedial action can be required by the Board. As indicated above, the process is designed to determine if financial reports are being prepared properly in order to maintain high standards of competency and to protect the consumers of accounting services.
* * *
The Board is created by statute and therefore has no more and no less authority than that granted it by the legislature in its laws creating and establishing it. State Board ofRegistration for Healing Arts v. Masters, 512 S.W.2d 150, 161
(Mo.App. 1974). Regulations may be promulgated only to the extent of and within the delegated authority of the statute involved. Osage Outdoor Advertising, Inc. v. State HighwayCommission of Missouri, 624 S.W.2d 535 (Mo.App. 1981). The Board can develop and institute a positive enforcement program only when sanctioned to do so by the legislature.
Section 326.055.2, RSMo Supp. 1984, provides:
 2. As a condition of registering an office under this section the board may,
after November 30, 1982, and after a hearing with the licensee in accordance with section 326.132, for those licensees who have issued reports on financial statements, during the preceding five-year period, which the board has determined to have been substandard, require such licensee applying for registration, to submit to a review and evaluation of the system of quality control (peer review) of the accounting and auditing practice of the licensee. Such reviews shall be made by committees or other certified public accountant firms nominated by the Missouri Society of Certified Public Accountants and accredited by the board in accordance with regulations promulgated by the board. The board shall accept peer review reports filed with federal regulatory agencies, other state boards or professional associations to meet such review requirement if the report on such review conforms to board regulations. However, an addendum to such peer review reports may be required by the board to include any Missouri office of a multistate firm which has issued financial reports or financial statements described in this section.
(Emphasis added.)
It should also be noted that in establishing this program, the Board proposes to protect the individual due process rights involved. Although Section 326.055.2, RSMo Supp. 1984, refers to the necessity of the Board holding a hearing with the licensee in accordance with Section 326.132, RSMo, a section that has been subsequently repealed, the proposed program includes the utilization of a hearing conducted by the Board at which time the licensee may be represented by an attorney, may cross-examine witnesses, may call witnesses, and has appeal rights. This hearing should satisfy the due process rights of the Board's licensees.
Section 326.110.1, RSMo Supp. 1984, provides in part:
 326.110. Board rulemaking authority — rules suspension and reinstatement procedure. — 1. The board shall prescribe rules and regulations consistent with the provisions of sections 326.011 to 326.230; provided, however, nothing herein contained shall be construed as conferring upon the board the authority to issue rules or regulations on any subject affecting the practice of public accountancy by a person previously licensed as a certified public accountant unless specifically authorized by the general assembly. Such rules and regulations may include:
* * *
 (2) Rules of professional conduct for establishing and maintaining high standards of competence and integrity in the profession of public accountancy;
* * *
 (5) Regulations governing peer review committee accreditation and requirements for registration of an office and issuance of permits;
* * *
The legislature has clearly sanctioned in Section326.055.2, RSMo Supp. 1984, the peer review aspect of the positive enforcement program. We understand your primary question relates to the authority of the Board to require a licensee to submit with its annual registration application samples of financial reports prepared by the licensee, i.e., a compilation, a review and an audit.
Administrative regulations should be sustained, if reasonable, and will be sustained if they bear rational relationship to articulable state purpose. State ex rel. Kirkpatrick v.Board of Election Commissioners of St. Louis County, 686 S.W.2d 888
(Mo.App. 1985). Validity of an administrative rule or regulation is reviewed in light of the ill sought to be cured and will be sustained unless unreasonable or plainly inconsistent with the enactment. Emily v. Missouri StateDivision of Family Services, 570 S.W.2d 783 (Mo.App. 1978). Administrative rules should be reviewed in light of the evil they seek to cure and are not unreasonable merely because they are burdensome. Foremost-McKesson, Inc. v. Davis, 488 S.W.2d 193
(Mo. 1972).
In the information you enclosed with your opinion request, you pointed out the accounting profession has been severely criticized recently for what is perceived to be a failure of self-regulation in the area of professional standards and competency. The Missouri legislature has clearly indicated a desire to establish and maintain high standards of competence and integrity in the profession of public accountancy. This is evident from the provisions in Section 326.110.1(2), RSMo Supp. 1984, which is quoted above, and the enactment of the provisions regarding peer review in Section 326.055, RSMo Supp. 1984, also quoted above. We conclude that the positive enforcement program, including the requirement that a licensee submit with its annual registration application samples of financial reports, is within the authority of the Board. The proposed positive enforcement program is designed to enhance the standards of competence in the profession of public accountancy and is clearly related to providing a meaningful peer review program.
It should also be noted that the Board may require compliance with the positive enforcement program from all current licensees. The proviso in Section 326.110.1, RSMo Supp. 1984, "nothing herein contained shall be construed as conferring upon the board the authority to issue rules or regulations on any subject affecting the practice of public accountancy by a person previously licensed as a certified public accountant unless specifically authorized by the general assembly", was added in 1977. Section 326.055.2, RSMo Supp. 1984, was enacted in 1981. The language of Section 326.055.2, RSMo Supp. 1984, clearly reflects a specific mandate from the legislature and indicates that the Board can require compliance with the peer review program after November 30, 1982. Any rules or regulations relating to the peer review program can therefore be applied prospectively to all licensees.
CONCLUSION
It is our opinion that the Missouri State Board of Accountancy is authorized to commence a positive enforcement program, including the requirement that a licensee submit with the annual registration application samples of financial reports prepared by the licensee.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General