In re the MARRIAGE OF Wanda Rae ROEDER, Petitioner-Appellant,

v.

James R. Roeder,
Respondent-Respondent.

No. 10267.

Missouri Court of Appeals,
Springfield District.

Oct. 20, 1977.

A. L. Shortridge, Joplin, for petitioner-appellant.

John M. Belisle, Osceola, for respondent-respondent.

---

Before STONE, P. J., and HOGAN and TITUS, JJ.

HOGAN, Judge.

Appeal is taken from an order modifying the child custody provisions of a decree dissolving the parties' marriage.

Wanda and James Roeder are the parents of two daughters. At the time the decree of dissolution was entered on December 8, 1975, the elder daughter was about 2½ years of age; the younger was two months old. The trial court confided both children to their mother, subject to the father's right of visitation. The father was ordered to pay child support in the amount of $70 per month per child.

On December 29, the mother filed a motion to modify the judgment of December 8, which had gone by default. Initially, the mother requested modification in several respects, but upon trial limited her motion to a request that she be allowed to remove the children to Ponca City, Oklahoma, where she had found employment. The father countered with a motion to cite the mother for contempt upon the ground that she had wilfully concealed the children to prevent their father from exercising his right of visitation and had removed the children from the jurisdiction of the court in violation of § 452.310(3) RSMo Supp.1975.

On January 12, 1976, a hearing was held on both motions and an order modifying the original decree was entered. Custody of the younger child was awarded to the mother, and the mother was granted permission to remove the child to Oklahoma. The father was given custody of the elder child. Both parties were granted "reasonable" visitation privileges. The court further specifically found that the mother had failed to obey its orders and had shown disrespect for the court but in terms took the motion to cite for contempt "under advisement."[1]

Rule 81.01, V.A.M.R., states that the right of appeal shall be as provided by law. § 512.020, RSMo 1969, V.A.M.S., limits the general right of appeal, with exceptions not here material, to final judgments or special orders after final judgment and provides that an appeal taken before final judgment does not prejudice the aggrieved party's right to review after a final judgment is entered. Whatever the trial court's reason for leaving the issue of the mother's contumacy undecided, it is clear that it did so and meant to do so. Since the record shows on its face that the trial court did not exhaust its jurisdiction, it may, upon proper notice, vacate, modify or correct any part of the decree entered. *State ex rel Schweitzer v. Greene*, 438 S.W.2d 229, 232[5] (Mo.banc 1969); *Pendleton v. Pendleton*, 532 S.W.2d 905, 906 (Mo.App.1976). Perhaps the trial court meant to leave the cause in such condition; we do not know and do not speculate, but in any case, the decree is not final, the trial court has not exhausted its jurisdiction and we may not exercise ours. *Green v. Green*, 240 S.W.2d 741, 742–743 (Mo.App.1951). Accordingly, the appeal is dismissed.

All concur.

---

1. At the January 12 hearing, the trial court outlined the substance of its proposed modification; we note the parties were advised "[N]ow, regarding the contempt citation, the Court is not going to take final action upon that at this time."