**Bob H. SHOOTS, Appellant,**

v.

**Mildred L. (Shoots) THOMAS,
Respondent.**

**No. WD 36981.**

Missouri Court of Appeals,
Western District.

March 4, 1986.

See also, Mo.App., 651 S.W.2d 663.

encouraged to telephone and converse with the
absent parent at reasonable intervals.

Dennis E. Dibler, Kansas City, for appellant.

C.E. Weedman, Jr., Harrisonville, for respondent.

Before CLARK, C.J., and SHANGLER
and KENNEDY, JJ.

CLARK, Chief Judge.

This is an appeal from an order denying appellant's motion to reduce support payments to respondent, appellant's former wife. The appeal is dismissed because the trial court has failed to rule on all issues presented.

The parties to this case were divorced by a decree entered in 1973. Support for the wife was ordered at that time and later modified by order on motion in 1976. On July 8, 1980, according to the court's docket sheet, the wife filed a motion to modify alimony[1] payments and for contempt. The husband responded with a counter-motion asking that the payments for support be discontinued or reduced. The next recorded entry after the wife's response shows an evidentiary hearing conducted August 18, 1980, following which the court took the matter under advisement. We have no record of those proceedings, but a transcript is indicated to have been filed as an exhibit when the case was again heard on August 8, 1984.

Numerous docket entries recorded between August of 1980 and August, 1984 show attempts by respondent to collect the support due under the 1976 modified judgment, but no entry reflected any judgment on the cause heard August 18, 1980 and taken under advisement at that time.

1. The term, alimony, is used because the divorce predated adoption of the Marriage Dissolution Act. Modification, however, is governed by § 452.415.3, RSMo. 1978.

The record is also in some disarray as to the August, 1984 hearing. The transcript filed with this appeal reports evidence taken by the court on that date, but the court's docket sheet shows no entry on August 8, 1984 and no other record on another date within this time period showing that evidence was received or that the cause presented by the motions was taken under advisement. An entry of March 6, 1985, however indicates a request was made by "atty" for a ruling on "motion heard 8–8–84."

The order from which this appeal is taken reads as follows:

"Court reviews Court Reporters Notes and Cts notes of said hearing, and finds that there has been no material change in circumstances with regard to the total income and assets of petitioner Bob Shoots, that his tax return for the prior year showed his income of over $20,-000.00. Court denies petitioner's motion to reduce maintenance denies respondents motion for atty fees. CDG."

From the record described above, it is apparent the motions pending at the time the court took evidence on August 8, 1984 were the motion filed by the wife July 8, 1980 to modify the alimony judgment [2] and the husband's counter motion to decrease or eliminate the support obligation. The arguments by counsel in particular and the evidence taken generally at the August 8, 1984 hearing confirm that both parties to the case expected a decision on both motions, that of respondent to increase support and the appellant's motion to decrease the payment amount. The court's order quoted above does not mention the respondent's motion, except in the matter of attorney fees and does not rule the question there presented.

■ The jurisdiction of appellate courts is limited to review of final judgments. Section 512.020, RSMo. 1978. In divorce cases as in other suits there should be separate findings on the plaintiff's cause of action and on the defendant's counterclaim and a judgment entered which disposes of all issues. *Glick v. Glick*, 372 S.W.2d 912, 915 (Mo.1963). A judgment is final when it disposes of all parties and all issues and leaves nothing for future determination. *Afshari Enterprises, Inc. v. Venz*, 689 S.W.2d 846, 847 (Mo.App.1985). Until the judgment is finalized, the trial court retains jurisdiction over the matter and can vacate, modify or correct any part of the decree entered. *In re Marriage of Roeder*, 557 S.W.2d 482, 483 (Mo.App.1977).

■ The judgment recorded March 6, 1985 in this case was not final because it only ruled appellant's motion to reduce or eliminate the support payments. There is no suggestion in this record that the respondent has abandoned her motion to increase support nor may it be inferred that by denying appellant's motion, the request for an increase in payments is effectively ruled. A maintenance award is subject to modification on a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. Section 452.370.1, RSMo.1978. To determine whether there has been a change in circumstances of a material nature, the court must consider the circumstances of both the parties. *Seelig v. Seelig*, 540 S.W.2d 142 (Mo.App.1976).

The ruling made March 6, 1985 does not include any finding as to a change in respondent's circumstances, although evidence on that subject was presented. Even though the court found, in effect, that appellant's circumstances had not changed so as to entitle him to a reduction in support payments, it does not thereby also follow that the respondent's motion was necessarily overruled. Without expressing any opinion whatever on the appropriate result in the case, dependent as it will be on the trial court's assessment of credibility among other factors, there was sufficient evidence if believed that respondent was

---

**2.** The motion also requested that appellant be found in contempt. A ruling on contempt was made, according to the docket record, July 8, 1983. That phase of the 1980 motion appears to have been abandoned.

entitled to an increase in support even though no change had occurred in appellant's income and assets.

The appeal is dismissed and the case is remanded for disposition of respondent's pending motion, subject however to the jurisdiction of the trial court to vacate, modify or correct any part of the March 6, 1985 order.

All concur.