In re the MARRIAGE OF Robert
Donald BOYD and Christine
Ann Boyd.

Robert Donald Boyd, Respondent,

and

Christine Ann Boyd, Appellant.

No. 16562.

Missouri Court of Appeals,
Southern District,
Division One.

April 6, 1990.

W. Gary Drover, Camdenton, for respondent.

John E. Curran, Alice L. Yahnig, Curran and Clifford, Osage Beach, for appellant.

PREWITT, Judge.

Appellant received custody of the child of the parties pursuant to a decree of dissolution entered on May 23, 1988. On March 29, 1989, she filed a motion to allow the child to be taken with her to Indiana. Respondent filed an answer to appellant's motion and a "Counter Motion to Modify", seeking a modification of the dissolution decree by granting him primary physical custody of the child.

Evidence was heard on August 2, 1989, and on August 4, 1989, the court entered an order which denied appellant's motion for permission to remove the child from Missouri, and granted the motion of "Intervenors, Grandparents for Order of Specific Visitation".[1] That order recited that the court was taking respondent's counter motion for custody under advisement pending the completion and review of home studies on the homes of both parties. Temporary primary physical custody of the child was awarded to respondent with visitation to appellant.

Respondent filed a motion to dismiss the appeal and contends in his brief that this appeal should be dismissed because there is no appealable judgment due to the pendency of respondent's motion for primary custody. Except for a few types of cases covered elsewhere, § 512.020, RSMo 1986, provides for when appeals may be taken. Generally, for there to be an appealable judgment under that section, the trial court must determine all claims between the parties. Rule 74.01(b). *Plummer v. United Savings & Loan Association*, 781 S.W.2d 827, 828 (Mo.App.1989).

This rule applies to dissolution matters including motions to modify child custody provisions of dissolution decrees. See *In re Marriage of Roeder*, 557 S.W.2d 482 (Mo.App.1977). See also *Shoots v. Thomas*, 706 S.W.2d 552 (Mo.App.1986); *In re the Marriage of Spicer*, 585 S.W.2d 126 (Mo.App.1979).

An exception to the rule that all claims between the parties must be determined is that the trial court may enter an appealable judgment on less than all claims or parties if it makes "an express determination that there is no just reason for delay." Rule

---

1. Respondent's brief states that a motion to intervene and to be granted specific visitation rights was filed by the paternal grandparents but those pleadings, although attached to respondent's brief, are not in the legal file and thus not in the record before us. In any event, their existence or not does not change the outcome here.

74.01(b). No such determination was made here.

Appellant contends that it would be "inequitable and unjust" to dismiss the appeal. This court has no choice. As there was no determination of respondent's motion there was no judgment from which an appeal could lie. The requirement of finality of judgment is a jurisdictional prerequisite and this court must dismiss an appeal from a judgment that is not final. *Around the World Importing v. Mercantile Trust Co.*, 771 S.W.2d 919, 922 (Mo.App.1989). This court has no jurisdiction until there has been a final adjudication of all the issues between the parties in the trial court. *Spicer*, 585 S.W.2d at 130.

Respondent's motion to dismiss the appeal is sustained. The appeal is dismissed.

CROW, P.J., and PARRISH, J., concur.