In the Marriage of John J.
**HENNELLY, Appellant,**

v.

**Virginia Drone HENNELLY,
Respondent.**

No. 57285.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 28, 1990.

Bernard A. Barken, Carl M. Bakewell, Clayton, for appellant.

Justin C. Cordonnier, Thomas B. Weaver, St. Louis, for respondent.

CRIST, Judge.

Appellant-father appeals from the denial of his motion to modify an award of child support. We dismiss the appeal for lack of final judgment.

On August 20, 1984, the parties' marriage was dissolved. Father was ordered to pay mother $750 per month for each of their three children. On May 18, 1989, father filed a petition to have child support payments paid directly to child. On June 21, 1989, mother filed her answer to father's petition and included what was denominated as a cross-motion to modify. In her cross-motion mother sought an increase in child support payment for each of the three children. On July 28, 1989, the trial court overruled father's petition to amend. Father appealed but mother's cross-motion to modify was not adjudicated.

Rule 74.01(b) provides:

... When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim or third-party claim, ... the court may enter a judgment as to one or more but fewer than all of the claims ... only upon an express determination that there is no just reason for delay. In the absence of such determination, any order ... that adjudicates fewer than all the claims ... shall not terminate the action as to any of the claims....

Father did not wait for the disposition of all claims and motions before appealing in compliance with Rule 74.01(b). However, both parties assert that each motion was "a separate and independent proceeding, in no way connected with a prior motion." *Wood v. Wood,* 378 S.W.2d 237, 239[1–6] (Mo.App.1964). *See also Null v. Null,* 746 S.W.2d 655, 656[1, 2] (Mo.App.1988) (a motion to modify a divorce decree is in the nature of an independent proceeding). We disagree with their assertion.

Here, both husband's petition and wife's cross-motion to modify were pending in circuit court for disposition and filed in the same action. The petition and cross-motion to modify, although independent of the original divorce decree, were not independent of each other under the circumstances of this case for purposes of appeal. Rule 74.01(b) was adopted in 1988 to clarify, define and avoid piecemeal appeals. *In re Estate of Caldwell,* 766 S.W.2d 464, 466–67 (Mo.App.1989). Further, the trial court's order does not employ the express language of Rule 74.01(b) "there is no just reason for delay" of husband's appeal. Without employing the express language of the rule in the order, the appeal must be dismissed. *Davis v. Dolgencorp, Inc.,* 774 S.W.2d 565, 566[1] (Mo.App.1989).

Appeal dismissed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.