Susan Elizabeth REED (Saling), Petitioner–Appellant,

v.

Chester Dwight REED, Respondent–Respondent.

No. 16794.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 5, 1991.

Jack L. Miller, Miller & Hutson, Lebanon, for petitioner-appellant.

John A. Honssinger, Honssinger Law Offices, Lebanon, for respondent-respondent.

MAUS, Presiding Judge.

This appeal had its genesis in a decree dissolving the marriage of Susan Elizabeth Reed (now Saling), petitioner (wife), and Chester Dwight Reed, respondent (husband). That decree placed their two children in their joint legal custody with the wife to have primary physical custody of those children, subject to certain temporary physical custody and visitation rights of the husband. Subsequently, the wife filed a motion to hold the husband in contempt. The husband responded by an answer and a motion to hold the wife in contempt. Thereafter, the wife filed a motion to modify the decree in respect to custody and visitation and to increase child support. This was followed by the husband filing a motion to modify the decree by awarding him primary physical custody of the minor children. The trial court consolidated the proceedings upon the motions. Rule 66.01.

Following a hearing, the trial court entered exceptionally detailed and thorough Findings of Fact and Conclusions of Law. In response to the wife's motion to modify, it increased child support. It denied the wife's motion for contempt. In response to the husband's motion to modify, it denied the husband's prayer for primary physical custody, but modified the provisions for temporary custody and visitation. The trial court also granted the husband an award for expenses and attorneys' fees. The issue briefed on appeal is the propriety of the award for expenses and attorneys' fees.

"Before considering the merits of an appeal, this court must determine if it has jurisdiction, whether or not this question is raised by the parties." *Ritter v. Aetna Cas. & Sur. Co.*, 686 S.W.2d 563, 564 (Mo. App.1985). An appeal lies only from a final judgment. The consequences of the consolidation of the proceedings upon the four motions has been summarized.

" 'The sustaining of the motions for consolidation, consolidated the four cases into one action. The court having validly exercised its discretion with reference to the facts and circumstances presented by the motions for consolidation could not immediately thereafter and on the same state of facts proceed to exercise his discretion and nullify the order for consolidation by ordering separate trials on the four cases. * * * The order for consolidation remained in effect and the order for separate trials in each case was a nullity and must be disregarded.' "

 

*State ex rel. Keeling v. Randall,* 386 S.W.2d 67, 68 (Mo. banc 1964).

Also see *Houttuin v. Houttuin,* 780 S.W.2d 711 (Mo.App.1989).

It is not necessary to quote the provisions of Rule 74.01(b). The judgment of the trial court does not adjudicate the husband's claim the wife should be held in contempt. There was no "express determination that there is no just reason for delay."

"The requirement of finality of judgment is a jurisdictional prerequisite and this court must dismiss an appeal from a judgment that is not final." *In re Marriage of Boyd,* 786 S.W.2d 626, 627 (Mo. App.1990).

Also see *Shoots v. Thomas,* 706 S.W.2d 552 (Mo.App.1986); *In re Marriage of Roeder,* 557 S.W.2d 482 (Mo.App.1977). The appeal is dismissed.

PREWITT and CROW, JJ., concur.