Donald H. CLOONEY, Plaintiff–Respondent,

v.

PRE–PAID LEGAL SERVICES, INC., Defendant–Appellant.

No. 60949.

Missouri Court of Appeals, Eastern District, Division Four.

June 2, 1992.

Peper, Martin, Jensen, Maichel and Hetlage, Michael A. Clithero, St. Louis, for defendant-appellant.

Clooney & Anderson, Timothy R. Anderson, St. Louis, for plaintiff-respondent.

KAROHL, Judge.

Defendant, Pre–Paid Legal Services, Inc., attempts to appeal from a trial court order sustaining summary judgment in favor of plaintiff, Donald H. Clooney, on a petition originally filed in small claims court. In the order the court overruled Pre–Paid's motion for summary judgment on its counterclaim for a declaratory judgment. We find this court is without jurisdiction and therefore, we dismiss the appeal.

Plaintiff filed his petition in small claims court in an effort to recover attorney's fees for services he claims he rendered on behalf of defendant's members. Defendant denied any obligation and counterclaimed in small claims court seeking only declara-

tory relief. Defendant requested the court to declare: (1) the attorney provider agreement dated May 10, 1989, involving plaintiff and defendant was effectively terminated as of July 25, 1990, and is of no further force and effect; (2) a compromise and settlement agreement the parties made to resolve a prior federal court lawsuit, dated March 28, 1990, provides no authorization for plaintiff to provide services to Pre–Paid members as a participating attorney in the plan apart from the attorney provider agreement; and (3) plaintiff is not entitled to payment for any services rendered to Pre–Paid members on or after July 25, 1990. Plaintiff contends he was never a party to an attorney provider agreement. He argues he is entitled to render legal services to clients who are members of defendant's plan and to be compensated by the plan under the settlement agreement or as a third-party beneficiary of the members' contracts with Pre–Paid.

Defendant filed a motion for summary judgment in its favor on both the petition and counterclaim. Plaintiff then filed his own motion for summary judgment, but on the petition only.[1]

The court entered the following judgment:

### Order

Upon review of pleadings, exhibits, affadavits [sic], and other evidence, the Court sustains plaintiff's motion for summary Judgment herein. The Court over-rules defendant's Motion for Summary Judgment.

(Plaintiff pleads relief under the provisions of settlement agreement reached in Federal Court, Exhibit 5. Defendant's letter of June 14, 1990, references termination of provider agreements, and makes no reference to settlement agreement).

 The order entered was not final and appealable. A final, appealable judg-

---

1. In the record before this court nothing expressly indicates transfer to a circuit judge because of the counterclaim. We assume subject matter jurisdiction because the parties both agreed at argument the case was properly certified and the cause number was changed after the counterclaim was filed.

ment must dispose of all issues and all parties in a case leaving nothing for further determination. *Concepts Communication Management Corporation v. Newhard Cook & Co. Inc.*, 829 S.W.2d 554 (Mo.App.1992). Generally, an order overruling a motion for summary judgment is not a final, appealable judgment. *Cape Retirement Community, Inc. v. Kuehle*, 798 S.W.2d 201, 202 (Mo.App.1990). This is true even when entered at the same time as an order granting summary judgment to the other party. *Lake Center Boatworks, Inc. v. Martin*, 804 S.W.2d 842, 844 (Mo.App.1991). When, however, the motion sustained also determines every issue raised in the counterclaim, the judgment is final for purposes of review. *See Highland Inns Corporation v. American Landmark Corporation*, 650 S.W.2d 667, 669 (Mo.App.1983).

In this case the summary judgment for plaintiff on the petition did not dispose of all issues raised in the counterclaim. First, the court did not rule that plaintiff entered into an attorney provider agreement or that such agreement was terminated July 25, 1990. It was unnecessary for the court to do so. Plaintiff presented two theories of recovery in his motion for summary judgment and accompanying affidavit. Pre–Paid did not offer opposing summary facts in the form of proofs. The primary argument based relief on the compromise and settlement agreement, not an attorney-provider agreement. In fact, plaintiff's affidavit states he never executed an attorney provider agreement with defendant. In the alternative, plaintiff asserts he is a third-party beneficiary of the contracts between his clients and defendant. Neither of these theories requires a determination by the court of the termination of a contract that does not form the basis of recovery.

Second, the court did not rule the compromise and settlement agreement provided any authorization for plaintiff to provide services to Pre–Paid members *as a participating attorney in the plan apart from the provider agreement.* Paragraph G of the general provisions in the contract between Prepaid members and defendant states the members may choose "[a]ny licensed, participating practicing attorney." Participating attorney, however, is not defined. Here, it could be argued that plaintiff is participating through the settlement agreement. The judgment on plaintiff's petition did not require a determination of plaintiff's status as a participating attorney under the plan. The court found only that plaintiff was entitled to be paid for services rendered to members of Pre–Paid. It was unnecessary for the court to look past the compromise and settlement agreement and to the contracts between Pre–Paid members and defendants to decide plaintiff's claim. Thus, the court did not rule on plaintiff's status as a participating attorney in the plan apart from the provider agreement and these issues raised in the counterclaim were not decided.

Finally, the court did not determine whether plaintiff is entitled to payment for any services rendered on or after July 25, 1990. The order found for defendant in regard to the four claims presented in the petition. It did not make a general finding of entitlement applicable to other possible claims. Furthermore, plaintiff's petition states only when the claims were submitted to Pre–Paid; it does not state when the services supporting the claims were rendered. Again, it was unnecessary for the court to consider and make findings regarding the dates such services were rendered in order to rule on plaintiff's summary judgment motion.

Accordingly, the trial court has not disposed of all issues in defendant's counterclaim; some are still pending. The court found only that plaintiff is entitled to $750 for the claims submitted in its petition, apparently based on the settlement agreement. Thus, the court's order is not a final, appealable judgment and this court lacks jurisdiction.

Appeal dismissed.

SMITH, P.J., and AHRENS, J., concur.