**Janet Irene SCHOOLCRAFT, Petitioner/Respondent,**

v.

**John SCHOOLCRAFT, Respondent/Appellant.**

**No. 62319.**

Missouri Court of Appeals, Eastern District, Division One.

April 13, 1993.

Harry D. Williams, Columbia, for appellant.

John Robert O'Connor, Ellen M. Hoelscher, O'Connor & Hoelscher, Union, for respondent.

AHRENS, Presiding Judge.

Husband, John Schoolcraft, appeals from a judgment denying his motion to modify the maintenance provisions of the decree dissolving his marriage to wife, Janet Irene Schoolcraft. We dismiss.

On September 10, 1981, a decree of dissolution ended the parties' marriage. The decree provided, in part, that husband pay wife monthly maintenance of $1,000 pursuant to § 452.335 RSMo 1978.

Husband filed a motion to modify the decree in October, 1990, seeking termination or reduction of maintenance due to an alleged substantial and continuing change of circumstances. Wife filed a motion to modify in January, 1991, also alleging a substantial and continuing change of circumstances and requesting an increase in maintenance and reasonable attorney's fees.

The trial court conducted an evidentiary hearing on March 26, 1991. On February 24, 1992, the court entered its judgment overruling husband's motion to modify, finding husband had "failed to show change of conditions so substantial and continuous to make the maintenance unreasonable for which a reduction should be ordered." The court further ordered husband to pay wife's reasonable attorney's fees in the amount of $1,800. In making its order, the court stated it had "call[ed] for hearing the parties' motions to modify" on March 26, 1991.

On March 11, 1992, husband filed a motion for rehearing or new trial alleging there were "new substantial and continuing circumstances" requiring the court to reconvene a hearing, due to the length of time between the filing of husband's motion to modify and the entry of the court's order thereon. Husband's motion for rehearing was argued April 21, 1992. By agreement, additional evidence was adduced.[1] At the hearing, counsel for wife reminded the court of wife's countermotion to modify and asked the court to consider wife's motion in reviewing the evidence adduced. Husband's counsel stated he understood the case was reopened for additional evidence and believed the evidence adduced at the hearing was relevant to both parties' motions.

On June 19, 1992, the court issued the following order:

> After consideration of the evidence adduced on 4/21/92 and the cases cited by counsel, the Court holds that Respondent John Schoolcraft has failed to show change of conditions so substantial and continuous as to justify a modification of the decree.

Husband appeals.

It appears from the record that the court and both parties considered the evidence adduced at the hearings relevant to both husband's motion to reduce or terminate maintenance and wife's motion to increase maintenance. However, the court made findings only with respect to husband's motion in its order of February 24, 1992. Although the court awarded attorney's fees to wife, it did not reference wife's motion and made no rulings with respect thereto. Similarly, the court in its order of June 19 ruled only that husband failed to show a change of conditions so substantial and continuous as to justify a modification of the decree. The order made no reference to wife's motion to increase maintenance.

▪ Although neither party raises the issue of jurisdiction, we must determine the issue before considering the merits of an appeal. *Reed v. Reed*, 803 S.W.2d 181, 183

(Mo.App.1991). Generally, the trial court must determine all claims between the parties for there to be an appealable judgment. Rule 74.01(b); *In re Marriage of Boyd*, 786 S.W.2d 626 (Mo.App.1990). When multiple claims or multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties, but only upon an express determination there is no just reason for delay. Rule 74.01(b). The court made no such determination here, although it failed to adjudicate wife's motion to modify.

▪ The order from which husband appeals, entered June 19, 1992, is not a final judgment, in that it rules only husband's motion to reduce or eliminate maintenance. The court made no finding concerning a change in wife's circumstances, although evidence on that issue was presented. The court did find husband had failed to show a change of circumstances sufficient to terminate or reduce maintenance payments. However, that finding does not necessarily dispose of the issues raised in wife's motion, and we may not infer that the court's denial of husband's motion effectively ruled wife's request for an increase in maintenance. *Shoots v. Thomas*, 706 S.W.2d 552, 553 (Mo.App.1986). Nothing in the record indicates wife abandoned her motion. There should have been separate findings on each party's motion and a judgment entered which disposed of all issues. *Id.* Absent a final adjudication of all the issues between the parties, this court has no jurisdiction. *Boyd*, 786 S.W.2d at 627.

We must dismiss an appeal from a judgment that is not final. *Reed*, 803 S.W.2d at 183. Accordingly, the appeal is dismissed and the cause remanded for disposition of wife's motion, subject to the trial court's jurisdiction to vacate, modify, or correct the order of June 19, 1992.

So ordered.

REINHARD and CRIST, JJ., concur.

---

**1.** We treat the rehearing as a proceeding to open the judgment, take additional testimony, amend findings of fact, and enter a new judgment pursuant to Rule 78.01.