SHELBINA VETERINARY CLINIC, a professional corporation, and Jack L. Neill, D.V.M., Plaintiffs/Respondents,

v.

Debra HOLTHAUS, D.V.M., Defendant/Appellant.

No. 62325.

Missouri Court of Appeals, Eastern District, Northern Division.

July 20, 1993.

Steven Eugene Raymond, Shelbyville, for defendant/appellant.

Gary G. Wallace, Shelbina, for plaintiffs/respondents.

Before KAROHL, C.J., and SMITH and CRAHAN, JJ.

PER CURIAM.

This is an appeal filed by Defendant, Debra Holthaus ("Defendant") from a judgment in favor of Plaintiffs, Jack Neill, D.V.M. and Shelbina Veterinary Clinic ("Plaintiffs") granting them permanent injunctive relief to enforce a non-competition agreement contained within Defendant's written employment contract. We dismiss the appeal for lack of jurisdiction.

The record before us establishes that Plaintiffs filed a petition seeking to prohibit Defendant from practicing veterinary medicine within 35 miles of the city of Shelbina, Missouri for a term of four (4) years pursuant to her employment contract. Defendant counterclaimed seeking damages for invasion of privacy by reason of Plaintiffs' publication of her picture in a newspaper in connection with the clinic without her consent and against her

wishes. The trial court ordered the counterclaim bifurcated, and proceeded to trial on Plaintiffs' petition. After trial on this matter, the court entered judgment granting the injunctive relief requested. The record on appeal, however, does not indicate that the court ever proceeded to trial on, or otherwise disposed of, Defendant's counterclaim.

Although neither party raised the issue of appellate jurisdiction in their briefs or at oral argument, it is our duty to do so sua sponte. *Concepts Communication Management Corp. v. Newhard Cook & Co., Inc.*, 829 S.W.2d 554, 555 (Mo.App. 1992). The appellate court has jurisdiction only over final judgments. *Id.* A judgment, order, or decree of the trial court is final and appealable only when it disposes of all the issues for all the parties in the case and leaves nothing for future determination. *Haugland v. Parsons*, 827 S.W.2d 285, 286 (Mo.App.1992). Rule 74.01(b) allows an "early" appeal from a decree or order which does not dispose of all the issues of a case *if* the trial court expressly finds that "there is no just reason for delay." Thus, if the trial court does not resolve all of the issues or does not expressly designate the court's action as final under Rule 74.01(b), the appeal must be dismissed. *Id.*

The record before this court establishes only that the trial court ordered a separate trial for Defendant's counterclaim. Bifurcation of a claim is not an adjudication, nor is it tantamount to a determination that there is no just reason for delay as contemplated in Rule 74.01(b). Therefore, the trial court's order is not a final judgment and we are without jurisdiction to hear the appeal.

As such, we do not address the merits of Defendant's appeal. We note, however, that among the issues raised by Defendant are the adequacy of the court's findings on whether Plaintiffs made material misrepresentations to Defendant to induce her to sign the employment contract, whether Plaintiffs constructively discharged Defendant by words and actions at work, whether Plaintiffs led Defendant to believe the contract containing the covenant was no longer in effect, and whether Plaintiffs materially breached the employment contract. Defendant maintains that although she specifically filed a timely request for findings on these issues pursuant to Rule 73.01(a)(2) and evidence was introduced at trial concerning the same, the court failed to enter any findings with respect to these issues. Rule 73.01(a)(2) provides in relevant part:

> If any party so requests before final submission of the case, the court *shall* dictate to the court reporter, or prepare and file, a brief opinion containing a statement of the grounds for its decision and the method of determining any damages awarded; and may, or *if requested by counsel, shall,* include its findings on such controverted fact issues as have been specified by counsel. (emphasis added).

This court has previously found the provisions of Rule 73.01(a)(2) mandatory where a party prepares and files a request for findings on specified controverted fact issues. *See Eagleton v. Eagleton,* 767 S.W.2d 582 (Mo.App.1988).

Without expressing any opinion as to the adequacy of the findings entered by the court in this case, we observe that complete factual findings greatly facilitate the appellate process. In light of our determination that the judgment entered by the trial court is not final, we note that the trial court is free to make supplemental findings on the matters raised in Defendant's brief and we encourage the trial court to do so insofar as evidence was presented and specific findings were requested in a timely manner.

Appeal dismissed.