Amy **KRENSKI,** Plaintiff–Appellant,

v.

Richard D. **AUBUCHON,** Defendant–Respondent.

No. 63772.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 14, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 20, 1994.

David J. Rauscher, P.C., Kathleen L. Rauscher, Clayton, for plaintiff-appellant.

Rabbitt, Pitzer & Snodgrass, Mark A. Kinzie, St. Louis, for defendant-respondent.

KAROHL, Judge.

Plaintiff Amy Krenski appeals denial of her post-trial "motion for summary judgment on appeal bond." We find we do not have jurisdiction to consider this appeal. Defendant's Motion to Dismiss Appeal is sustained.

Plaintiff recovered a verdict for her personal injuries against defendant following an automobile collision. A jury awarded plaintiff $101,250 on June 27, 1991. The trial court entered judgment on the verdict in the amount of $108,266.63, including prejudgment interest. Defendant appealed. On October 6, 1992, this court affirmed the trial court's judgment. *Krenski v. Aubuchon,* 841 S.W.2d 721 (Mo.App.1992). (Motion for Rehearing and Transfer to Supreme Court Denied, Nov. 5, 1992; Application to Transfer Denied, Dec. 18, 1992)

Defendant Aubuchon had liability insurance with Atlanta Casualty Company in the amount of $25,000. This court allowed an appeal bond of $45,000 to stay execution on the covered portion of the judgment, pending appeal. Atlanta Casualty Company posted the bond as principal and Continental Casualty Company as Surety. The bond was for defendant Aubuchon's liability insurance carrier. It is agreed Atlanta Casualty has paid plaintiff all that it owed on the policy it issued to defendant Aubuchon.

On November 23, 1992, plaintiff filed a motion for summary judgment against defendant Aubuchon on the appeal bond. This represents an effort to recover the difference between the $45,000 and the amount paid by Atlanta. Plaintiff sought judgment against the surety, Continental Casualty Company, *"on the ground that [defendant] has not satisfied the aforesaid judgment."* The motion makes reference to the amount of the bond, but not the judgment rendered in her favor against defendant Aubuchon. It also references Cause No. 586975, the action concluded in plaintiff's favor. The surety on the appeal bond was not and is not now a party to that action. At a hearing, the court will be guided by Rule 81.11. On April 5, 1993, plaintiff's motion was denied.

Denial of a motion for summary judgment is generally not a final judgment and therefore not appealable. Section 512.020 RSMo 1986, *Cain v. Buehner and Buehner,* 839 S.W.2d 695, 699 (Mo.App.1992), *Empiregas, Inc. of Palmyra v. Zinn,* 833 S.W.2d 449, 451 (Mo.App.1992), *Cape Retirement Community, Inc. v. Kuehle,* 798 S.W.2d 201, 202 (Mo.App.1990).

Appeal dismissed.

SIMON, P.J., and PUDLOWSKI, J., concur.