**Michael THOMAS, Respondent,**

v.

**Elaine Thomas NICKS, Appellant.**

No. 63387.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 21, 1993.

Melvin L. Raymond, St. Louis, for appellant.

Jack R. Charter, St. Louis, for respondent.

CRIST, Judge.

Father appeals an order modifying the dissolution of marriage decree to increase his child support. We dismiss the appeal.

The marriage of Father and Mother was dissolved on January 6, 1984. Mother was given primary custody of two minor children born of the marriage. The decree further ordered Father to pay $20 per week in child support for each of the minor children.

On January 3, 1992, Father filed a *pro se* motion to modify the dissolution decree requesting custody of the minor children be changed to provide for joint custody by both Mother and Father. He also requested the abolishment of back child support, a 10 percent increase in child support, and regulation by the Department of Social Services. On May 19, 1992, Mother also filed a motion to modify, requesting an increase in child support to $40 per week for each child.

On October 7, 1992, the trial court called both motions for trial. Father requested, and received, a continuance on his motion to modify. Evidence was adduced on Mother's motion alone. Subsequently, the trial court

sustained Mother's motion to modify and increased child support to $220 per month for each child. Father appeals that order.

An appellate court has jurisdiction only over final judgments. § 512.020, RSMo 1986; Rule 74.01; *Gould v. Mo. State Bd. of Registration,* 826 S.W.2d 101, 102[2] (Mo. App.1992). "A final judgment is one which disposes of all parties and issues in the case." *Houttuin v. Houttuin,* 780 S.W.2d 711, 712[1] (Mo.App.1989).

Here, all the issues of the case are not yet disposed. Father's motion to modify is still pending. That motion is not independent of Mother's motion. *See, In re Marriage of Hennelly,* 795 S.W.2d 614, 614–15[1] (Mo.App.1990); *In re Marriage of Boyd,* 786 S.W.2d 626, 627[1] (Mo.App.1990). Indeed, if Father prevails on his motion, joint custody will be established and child support will be affected. Also, the trial court made no express determination "there is no just reason for delay." Rule 74.01(b); *Reed v. Reed,* 803 S.W.2d 181, 183[1] (Mo.App.1991).

Appeal dismissed.

CRANDALL, P.J., and REINHARD, J., concur.