**COLTON, McMICHAEL, LESTER, AUMAN, VISNOVSKE, INC.,** Plaintiff/Respondent,

v.

**Al MUELLER and Park Place South, Inc.,** Defendants/Appellants.

No. 63880, 63881.

Missouri Court of Appeals, Eastern District, Division Two.

June 21, 1994.

James Peter Leonard, St. Louis, for appellant.

Louis Joseph Basso, St. Louis, for respondent.

CRAHAN, Judge.

Defendants, Al Mueller and Park Place South ("Defendants") appeal from a judgment in favor of Plaintiff, Colton, McMichael, Lester, Auman, Visnovske, Inc., ("Plaintiff"). We dismiss the appeal for lack of jurisdiction.

This appeal arises out of Plaintiff's claim seeking recovery for engineering services provided to Defendants in the development of a subdivision. Specifically, Plaintiff filed a petition seeking recovery for breach of contract (Count I), quantum meruit (Count II), fraud (Count III), conversion of engineering plans (Count IV), and specific enforcement of a settlement agreement (Count V).

Plaintiff voluntarily dismissed Count I with prejudice at the close of its case. The trial court sustained a motion for directed verdict on behalf of Defendants as to Count III. Count V was severed to be resolved at a later date. The jury returned a verdict on the remaining counts, finding in favor of Plaintiff against Defendant Park Place South on the contract claim, and in favor of Plaintiff and against both Defendants on the quantum meruit claim and on the conversion claim.

■ A party may not appeal a judgment unless it is final, disposing of all parties and all issues in the case, leaving nothing for future determination. *Cooper v. Continental Fidelity Sur. Co.*, 851 S.W.2d 65, 67 (Mo.App. 1993). While neither party raised the issue of appellate jurisdiction, it is our duty to do so *sua sponte*. *Id.* If the trial court issues an order which does not dispose of all the issues in a case, an appeal is allowed only if the trial court also expressly finds that "there is no just reason for delay." Rule 74.01(b). This designation is necessary before any appellate review of the merits of the case is permitted. *Shelbina Veterinary Clinic v. Holthaus*, 857 S.W.2d 551, 552 (Mo. App.1993).

■ The record does not indicate that the trial court ever proceeded to trial on or otherwise disposed of the severed Count V of Plaintiff's petition, which sought specific performance of a settlement agreement. The judgment appealed from contains no determination that there is "no just reason for delay." During oral argument, the parties argued that because Count V was severed, this court may consider the remaining portion of the trial court's judgment. Severance of a claim so that it may be resolved at a later date does not constitute an adjudication, nor is it equivalent to an express finding that there is no just reason for delay as considered in Rule 74.01(b). *Id.* Thus, the trial

court's order is not a final judgment and this court has no jurisdiction to hear the appeal.

Appeal dismissed.

CRANE, P.J., and KAROHL, J., concur.