Jewel L. REID, Shirley W. Reid, Gregory Reid, Epstein Reid, Leroy Reid, Jr. and Robert Reid, Plaintiffs,

v.

Vernon S. REID, Jr., Defendant/Appellant,

Vernon S. Reid, Sr., Alice Leffridge, and Charles Reid, Jr., Defendants,

Dubail Judge, P.C., Intervenor/Respondent.

No. 64096.

Missouri Court of Appeals, Eastern District, Division Two.

July 26, 1994.

Alif Amon Williams, Whitfield, Montgomery & Staples, St. Louis, for appellant.

Nancy E. Emmel, Dubail Judge, P.C., St. Louis, for respondent.

Before CRANE, P.J., and KAROHL and CRAHAN, JJ.

PER CURIAM.

Respondent Vernon S. Reid, Jr., legatee of Churchill Carter, appeals from a judgment entered after a bench trial in favor of intervenor law firm, Dubail Judge, P.C., on its claim for attorney's fees and an attorney's lien on 33⅓ percent of the amount due respondent from the Estate of Churchill Carter after a settlement of a will contest case. We dismiss for lack of jurisdiction.

On November 16, 1990 plaintiffs, Jewel L. Reid, Shirley W. Reid, Gregory Reid, Epstein Reid, Leroy Reid, Jr. and Robert Reid filed a petition in the Circuit Court of St. Louis County against respondent Vernon S. Reid, Jr. and defendants Vernon S. Reid, Sr., Alice Leffridge, and Charles Reid, Jr. to contest the Churchill Carter will which had been filed in the Probate Division of the

circuit court. On August 20, 1991 Dubail Judge filed a motion to intervene in the will contest case and moved for an award of attorney's fees, expenses and an attorney's lien against the assets of the Estate to be distributed to respondent. Respondent opposed the motion.

After a three day bench trial, from April 12 to April 14, 1993, the trial court entered judgment for Dubail Judge on its motion for an award of attorney's fees. It further ordered that a lien be placed on the proceeds until the Estate was liquidated in whole or in part.

■ Reid appeals from this judgment. The record on appeal filed in this case, however, does not indicate that the court ever disposed of or entered judgment on the petition in the will contest case. Further, the record on appeal does not contain an order designating the trial court's action on the motion for attorney's fees and lien as final under Rule 74.01(b).

■ Although neither party raised the issue of appellate jurisdiction in their briefs or at oral argument, we must do so *sua sponte*. *Shelbina Veterinary Clinic v. Holthaus*, 857 S.W.2d 551, 552 (Mo.App.1993). This court has jurisdiction only over final judgments. *Id.* A judgment, order, or decree of the trial court is final and appealable only when it disposes of all the issues for all the parties in the case and leaves nothing for future determination. *Id.* Rule 74.01(b) allows an appeal from a judgment or order which does not dispose of all the issues of a case *if* the trial court expressly finds that "there is no just reason for delay." Where the trial court does not resolve all of the issues or does not expressly designate the court's action as final under Rule 74.01(b), the appeal must be dismissed. *Id.* Accordingly, the trial court's order is not a final judgment and we are without jurisdiction to hear the appeal.

Appeal dismissed.