**FIRST NATIONAL BANK
OF ANNAPOLIS, N.A.,
Plaintiff–Appellant,**

v.

**JEFFERSON INSURANCE COMPANY
OF NEW YORK, Defendant–
Respondent.**

No. 19520.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 9, 1995.

---

Keith D. Sorrell, Spain, Merrell and Miller, Poplar Bluff, for plaintiff-appellant.

Stephen E. Walsh, Summers, Walsh, Pritchett & Blaich, Poplar Bluff, Patrick M. Reidy, Dysart, Taylor, Penner, Lay & Lewandowski, P.C., Kansas City, for defendant-respondent.

GARRISON, Presiding Judge.

Appellant, First National Bank of Annapolis (the Bank), filed a breach of contract action against Respondent, Jefferson Insurance Company of New York (the Insurer), seeking to recover under an insurance policy on a mobile home which was destroyed by fire. The trial court denied the Bank's motion for summary judgment and at the same time sustained a similar motion in favor of the Insurer.

The Bank was named as a "lienholder" in Insurer's policy (the policy) covering the mobile home which was issued to David and Rebecca Stegall (the owners) for a "policy period" of November 25, 1990 to February 25, 1991. The premium for the entire policy period was paid in full when the policy was issued. No additional premiums were paid on the policy prior to destruction of the mobile home which occurred on February 27, 1991, two days after the expiration date contained in the policy. The suit which is the subject of this appeal followed the Insurer's denial of liability under the policy.

On this appeal, the Bank's sole point relied on is as follows:

The trial court erred in denying the Bank's motion for summary judgment and finding that there was no insurance coverage for its loss because Jefferson's insurance policy was still in force as to the Bank as a mortgagee in that Jefferson had not cancelled the mortgagee coverage to the Bank at the time of the loss by providing ten day's [sic] notice of cancellation as required by its policy of insurance.

■ Initially, it is appropriate that we consider our jurisdiction to decide this case even though that issue is not raised by the parties. *Rouse Co. of Mo. v. Justin's Inc.*, 883 S.W.2d 525, 528 (Mo.App.E.D.1994); *Colton, McMichael, Lester, Auman, Visnovske, Inc. v. Mueller*, 877 S.W.2d 702, 703 (Mo.App.E.D. 1994). Generally, an order denying a motion for summary judgment is not a final judgment and therefore is not reviewable on appeal. *Reben v. Wilson*, 861 S.W.2d 171, 175 (Mo.App.E.D.1993); *Browning v. Salem Memorial Dist. Hosp.*, 808 S.W.2d 943, 948 (Mo. App.S.D.1991); *Morse v. Volz*, 808 S.W.2d 424, 429 (Mo.App.W.D.1991). This is true even if, as here, the denial occurs at the same time a summary judgment is entered for the other party. *Clooney v. Pre–Paid Legal Services, Inc.*, 830 S.W.2d 566, 568 (Mo.App.E.D. 1992). See, however, *Kaufman v. Bormaster*, 599 S.W.2d 35, 38 (Mo.App.E.D.1980), where the court indicated that in some instances the denial of a motion for summary judgment may be reviewable on appeal where the merits of that motion are intertwined with the propriety of an appealable order granting a summary judgment to another party. In *Kaufman*, even though the summary judgment which had been granted to the respondent was also the subject of that appeal, the court did not find sufficient intertwining between it and the denial of the motion for summary judgment sought to be reviewed. It should be noted, however, that the appellate court reversed the summary judgment which had been entered in the trial court, so there were then live issues left for determination.

■ We need not decide whether the purpose of the rule proclaiming that the denial of a summary judgment is an interlocutory order which is neither final nor appealable is served under a factual scenario such as the instant case where no issues of any kind remain for decision by the trial court.[1] In

---

1. Some cases hold that the denial of a motion for summary judgment is "generally" not a final judgment and therefore not appealable. *See*

*Krenski v. Aubuchon*, 868 S.W.2d 526, 527 (Mo. App.E.D.1993); *Clooney v. Pre–Paid Legal Services, Inc.*, 830 S.W.2d at 568. This court has

the instant case, we do not interpret the Bank's point relied on as being directed solely at the denial of its motion for summary judgment. By also premising error on the trial court's finding of no insurance coverage, it is apparent that the Bank is also appealing from the granting of the summary judgment in favor of the Insurer. Therefore, even though the Bank's point does not specifically refer to the sustaining of the Insurer's motion for summary judgment, we construe the point as including an allegation of error in that regard. *See Boatmen's Trust Co. v. Conklin*, 888 S.W.2d 347 (Mo.App.E.D.1994). We note that apparently the Insurer also interprets the Bank's point the same way by stating in its "Point Relied On":

> The trial court did not err in denying Appellant's motion for summary judgment and sustaining Respondent's motion for summary judgment in finding that there was no insurance coverage for the Bank's loss since Respondent was under no legal duty to notify a lienholder of an approaching expiration of a policy of insurance.

■ Since the award of the summary judgment in favor of the Insurer resolved all issues by determining that the Bank was entitled to no recovery under the allegations of its petition, it presents a final, appealable judgment which we have jurisdiction to review. *See Clooney v. Pre-Paid Legal Services, Inc.*, 830 S.W.2d at 568; *Kaufman v. Bormaster*, 599 S.W.2d at 37.

■ Summary judgment is proper when there is no genuine issue of material facts, and the moving party is entitled to a judgment as a matter of law. *Cape Retirement Community, Inc. v. Kuehle*, 798 S.W.2d 201, 202 (Mo.App.E.D.1990). Review of a summary judgment decision is the equivalent of a review of a court-tried case and if, as a matter of law, the judgment is sustainable on any theory, it must be sustained. *Boatmen's Trust Co. v. Sugden*, 827 S.W.2d 249, 253 (Mo.App.E.D.1992). In making that review,

the appellate court scrutinizes the record in the light most favorable to the party against whom the judgment was entered. *ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993).

■ The Bank argues that coverage under the policy was still effective as to it because it was entitled to notice before any cancellation occurred. In support, it points to the following policy provision:

### Cancellation

. . . .

(5) If a lienholder is named on the Schedule Page, we'll mail written notice to the lienholder 10 days prior to cancellation, regardless of whether you or we cancel the policy.

Since it did not receive a ten-day notice of cancellation prior to the fire, the Bank contends that it had coverage and was entitled to recover under the policy.

The Bank cites, as its principal authority, the case of *Charter Bank of Boonville v. Shelter General Insurance*, 664 S.W.2d 44 (Mo.App.W.D.1984). In the *Charter Bank* case, the bank was a lienholder on a truck which had been insured by Shelter under a policy which provided, in part:

> This insurance as to the loss payee shall not be invalidated by any act or negligence of the Insured. . . . Upon cancellation or termination of the policy or the coverages insuring the loss payee's interest, the company agrees to give written notice thereof mailed to the loss payee's address . . . and such coverages, as respects the loss payee's interest, shall continue for ten days following the mailing of such notice. If termination or cancellation is for non-payment of premium required for continuance or renewal of the policy, the loss payee

---

jurisdiction only over final judgments which dispose of all the issues for all the parties. *Reid v. Reid*, 879 S.W.2d 796, 797 (Mo.App.E.D.1994). In *Parker v. Wallace*, 431 S.W.2d 136, 137–38 (Mo.1968), the Missouri Supreme Court explained that upon the denial of a motion for summary judgment, "the issues raised by the

pleadings are still in the case, and it is upon those issues, when decided and if timely and properly presented, that an appeal lies." Some cases, such as the instant case, involve no remaining issues for determination because an opposing party was granted a summary judgment on all issues.

may elect to pay the premium to keep in effect the coverages insuring its interest. *Id.* at 45. The insureds did not pay the premium to renew the policy and a replacement vehicle was damaged in a collision after the expiration date shown on the policy. No lapse or renewal notice had been sent to the bank prior to the damage. The court noted that the loss payable provision of the policy was a "union or standard mortgage clause" in that it provided that the bank's interest under the policy would not be invalidated by the act or neglect of the insured, and that such clauses operate as an independent contract between the insurer and the bank.[2] *Id.* at 46. The court concluded that coverage under the policy continued as to the bank "because it had not been given a notice of cancellation or termination, nor provided with the election within ten days thereafter to pay the premium and continue the policy in force." *Id.*

While the policy in the instant case contained a provision entitling the Bank to notice of "cancellation," unlike the *Charter Bank* case it did not provide for notice of "termination." The Insurer argues that this distinction is significant and, in support, relies on *Waynesville Security Bank v. Stuyvesant Insurance Co.,* 499 S.W.2d 218 (Mo. App.S.D.1973).

The policy in the *Waynesville Security Bank* case, insuring a mobile home, also involved a "standard" or "union" clause and provided that the insurer could cancel the policy on notice to the lienholder, but it contained no provision for notice of the expiration of the policy. Like the instant case, in the *Waynesville Security Bank* case no premiums were paid to renew the policy before the mobile home was damaged by fire days after the policy's expiration date. The lienholder argued that because the loss payable clause was an independent contract with it, it was insulated from any act or neglect of the insured and the insurer was required to give notice of the expiration or cancellation of the policy. This court disagreed, saying that while it was true that the standard or union

mortgage clause operated as an independent contract between the mortgagee and insurer, it was subject to the "terms, conditions, agreements or limitations" of the policy and the insurer's obligation to the lienholder was no broader than that owed to the insured, except as specifically provided in the policy. *Id.* at 220. Significantly, it said:

> Plaintiff ... asserts that by the terms of the endorsement, it was entitled to notice of cancellation of the policy for nonpayment of the premium. The difficulty with this argument is, in the first place, that the policy was not cancelled during its term. This policy was not a continuing policy, contingent upon payment of premiums as they became due periodically.... The policy period was "12 Months" from "12/9/69" to "12/9/70" with no mention of renewal or of any grace or extension period. This policy was not "cancelled". Plaintiff, in its brief, treats the terms "cancellation" and "termination" as synonyms, but they are not. "Cancellation," as used in insurance law, means termination of a policy prior to the expiration of the policy period by act of one or all of the parties; "termination" refers to the expiration of the policy by lapse of the policy period. [Citations omitted.] In this case, the policy "terminated" or "expired" by lapse of the policy period. Plaintiff's argument that it did not receive notice of cancellation is therefore wholly without merit.

*Id.* The court concluded, therefore, that the lienholder was not entitled to notice of the expiration of the policy.

■ Notwithstanding the *Waynesville Security Bank* case, the Bank, in the instant case, argues that a lapse notice sent by the Insurer constituted its attempt to cancel the policy after the loss, without the necessary ten-day notice. We do not agree. The notice, mailed on March 5, 1991 to both the owners and the Bank, included the following:

> Policy #: JMH0013214
>
> Expiration Date: 2/25/91

**2.** The Bank, in its reply brief, also argues that the policy in the instant case contains similar provi-  sions.

LAPSE NOTICE

. . . .

To Lienholder: You are hereby notified that coverage under the loss payable clause payable to you as lienholder, which is part of the above policy, issued to the named insured, is hereby cancelled (or terminated) in accordance with the conditions of the policy, said cancellation (or termination) to be effective on and after the date mentioned above.

Even though the notice said that coverage "is hereby cancelled," it also said "or terminated" and was titled "Lapse Notice."

We conclude that the same result applies in the instant case as in the *Waynesville Security Bank* case. Like that case, the policy in issue here provided for notice to the lienholder of cancellation of the policy but not with reference to its termination or expiration. We also note that the instant policy specified that it applied only to losses occurring during the "policy period" which was shown on the Schedule Page and that it contained no grace period for paying a premium to renew the policy. The trial court correctly sustained the Insurer's motion for summary judgment, which also had the effect of holding that the Bank was not entitled to a summary judgment on the same issues. The judgment is affirmed.

PREWITT and PARRISH, JJ., concur.