**Michelle STEUBE, f/k/a Michelle Schaaf, Appellant,**

v.

**Frank SCHAAF, Respondent.**

No. 68745.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 17, 1996.

Richard B. Dempsey, Richard B. Dempsey, Jr., Washington, for appellant.

Mark S. Vincent, Union, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Michelle Steube ("mother"), appeals the judgment of the Circuit Court of Franklin County granting respondent's, Frank Schaaf's ("father"), motion to modify a prior decree of dissolution with respect to the custody of the parties' minor child. We dismiss the appeal for lack of jurisdiction.

This case has a long and bitter history which need not be detailed in full. This appeal arises out of father's motions to modify and to cite mother for contempt, initially filed on February 2, 1993. After numerous continuances, due in large part to mother's refusal to pay a court ordered guardian ad litem fee, the motions were finally heard on June 13, 1995.[1]

The court entered detailed findings and conclusions granting father's motion to modify and took his motion to cite for contempt under advisement. Mother appeals the trial court's order granting father's motion to

---

1. The trial court had appointed a GAL in 1992 upon mother's allegations of child abuse. These allegations proved to be baseless, and mother's refusal to pay the fee was thought to be a delay-ing tactic. Consequently, on May 30, 1995, the trial court granted father's motion to strike mother's pleadings, including her response to father's pending motions.

modify transferring primary physical custody of minor child to him.

 The judgment of the trial court must be final before jurisdiction will vest in this court. *Reid v. Reid,* 879 S.W.2d 796, 797 (Mo.App. E.D.1994). Although not argued by the parties, we have a duty to raise the issue of appellate jurisdiction *sua sponte. Id.* In order to be a final judgment, the trial court's decree must dispose of all issues raised by the parties and leave nothing for future determination. *Id.* Here, the trial court's order, while carefully and thoroughly addressing the issue of custody, specifically stated father's motion for contempt had been taken "under advisement." The order might still have been appealable despite not having disposed of the contempt issue if the trial court had found "no just reason for delay" of an appeal pursuant to Rule 74.01(b). However, no such finding appears in the record. Therefore, as this court lacks jurisdiction, mother's appeal is dismissed. *See Reed v. Reed,* 803 S.W.2d 181, 183 (Mo.App. S.D. 1991); *Shoots v. Thomas,* 706 S.W.2d 552, 553–54 (Mo.App. W.D.1986); *In re Marriage of Roeder,* 557 S.W.2d 482, 483 (Mo.App. Spfld.D.1977).

DOWD, P.J., and REINHARD, J., concur.