James W. NEELY, Respondent,

v.

Terri B. NEELY, Appellant.

No. WD 64075.

Missouri Court of Appeals,
Western District.

Aug. 23, 2005.

Christopher C. Fink, Cameron, MO, for appellant.

George A. Pickett, Plattsburg, MO, for respondent.

Before NEWTON, P.J.,
LOWENSTEIN and BRECKENRIDGE, JJ.

PATRICIA BRECKENRIDGE, Judge.

Terri B. Neely (Wife) appeals the trial court's judgment denying her motion to set aside the judgment dissolving her marriage to James W. Neely (Husband) as it relates to child support and the division of marital property. The appeal is dismissed for lack of a final judgment.

On October 22, 2002, following Husband's filing a petition for dissolution of the parties' marriage, Husband and Wife entered into a marital settlement agree-

ment. In the settlement agreement, the parties agreed to joint legal and physical custody of the parties' two minor children, with Husband designated as the primary residential custodian, and each party receiving equal parenting time. The agreement provided that neither party would pay child support, but Husband was to pay all of the children's daycare expenses, medical insurance, and uninsured medical expenses. In addition, the agreement also provided for the distribution of the parties' marital property.

Following a November 5, 2002, hearing on Husband's petition, the trial court ruled from the bench that the marriage was irretrievably broken and ordered the marriage dissolved. The court also ruled that legal and physical custody of the children was awarded to both Husband and Wife; no child support would be awarded; Husband was to maintain health insurance on the children; and that maintenance was waived. The court further found that the property settlement agreement presented to the court was not unconscionable and, therefore, approved the agreement. Thereafter, the trial court entered a formal judgment dissolving the parties' marriage and ordering the parties to fully comply with the terms of the settlement agreement.

On September 29, 2003, Wife filed a five-count motion. In Count I, Wife sought to have the judgment set aside as to child support, under Rule 74.06(a), for inadvertence and mistake because neither party submitted a Form 14, the trial court did not calculate its own Form 14, and the court failed to consider the factors for awarding child support set forth in section 452.340, RSMo 2000. In Count II, Wife sought to have the judgment set aside as to the division of marital assets, under Rule 74.06(b), based on Husband's fraud.[1] In Count III, Wife sought to modify child custody based on a continuing and substantial change in circumstances since the judgment of dissolution. In Count IV, Wife sought to modify child support. Finally, in Count V, Wife sought to have Husband held in contempt for his contumacious and willful failure to abide by the terms of the joint parenting agreement.

On December 8, 2003, Husband filed an answer to Wife's five-count motion and filed a counter-motion to modify the judgment with respect to child custody and child support and a counter-motion for contempt. On March 16, 2004, a hearing was held by the trial court on Counts I and II of Wife's motion to set aside the judgment with respect to child support and the division of marital property. Prior to hearing any testimony, Husband orally moved that Wife's Counts I and II be dismissed for failure to state a claim. In particular, Husband argued that Wife's motion was an improper collateral attack on the trial court's judgment. Husband claimed that Rule 74.06 is not a proper vehicle to collaterally attack a judgment and, instead, Wife should have filed an

---

**1.** Wife claimed fraud of Husband resulted in the division of marital property, twenty percent to Wife and eighty percent to Husband, which was inequitable. For example, the agreement stipulated that Wife would transfer her ownership interest in the family residence and four other pieces of real estate, to Husband. Wife also agreed to transfer her ownership interest in seven vehicles to Husband (including a utility trailer, a 1984 RV trailer, a 2001 Ford pickup, a 1994 Ford Tempo, a Model A, an MG Midget (in parts), and a 1950 Chevrolet pickup), and Husband agreed to transfer his ownership interest in a 2001 Mazda to Wife. The agreement further stipulated that Husband's interest in his retirement plan, a deferred compensation plan, and an account valued at approximately $220,000, would remain Husband's sole property. Finally, various other accounts, all with unspecified amounts, were also allocated between the parties.

appeal. In response, Wife argued that allegations in her motion asserted a case for fraud and were proper under Rule 74.06. After hearing arguments from both parties on Husband's oral motion, the trial court took the matter under advisement and concluded the hearing without adducing any evidence on the merits of any of the parties' outstanding motions.

On March 24, 2004, the court entered a "Judgment" denying Wife's motion to set aside the judgment. The trial court did not rule on Wife's motion to modify child custody, motion to modify child support, or motion for contempt. The trial court also made no ruling on Husband's counter-motion to modify child custody and child support or counter-motion for contempt. On April 21, 2004, Wife filed this appeal from the March 24, 2004 judgment.

■■■ This court has a duty to examine, *sua sponte,* the finality of the trial court's March 24, 2004, judgment because this court's jurisdiction extends only to appeals from a final judgment. *Gibson v. Brewer,* 952 S.W.2d 239, 244 (Mo. banc 1997); Section 512.020, RSMo Cum.Supp.2004. Without a final judgment, an appellate court lacks jurisdiction, and the appeal must be dismissed. *Gibson,* 952 S.W.2d at 244. A final judgment must resolve all issues in a case and leave nothing for future determination. *Id.*

Rule 74.01(b), however, recognizes an exception to the final judgment rule for cases involving multiple claims or multiple parties. *Id.* Rule 74.01(b) provides, in pertinent part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, ... the court may enter a judgment as to one or more but fewer than all of the claims ... only

upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims ... shall not terminate the action as to any of the claims[.]

Rule 74.01(b) "applies to dissolution matters including motions to modify child custody provisions of dissolution decrees." *In re Marriage of Boyd,* 786 S.W.2d 626, 626 (Mo.App.1990). *See also Houttuin v. Houttuin,* 780 S.W.2d 711, 713 (Mo.App. 1989) ("policy against piecemeal appeals applies to the various issues in domestic relations actions, as it does to other types of litigation").

■■■ The record before this court reflects no action taken by the trial court on Wife's motion to modify child custody, motion to modify child support, or motion for contempt. Nor does the record reflect that the trial court took any action on Husband's counter-motion to modify child custody and child support or counter-motion for contempt. The trial court's March 24, 2004, judgment, however, does not use the express language of Rule 74.01(b) "there is no just reason for delay" of Wife's appeal. *Hennelly v. Hennelly,* 795 S.W.2d 614, 615 (Mo.App.1990). In the absence of such a determination, the judgment is not final and this court is without jurisdiction.[2] *Id.* Accordingly, this court must dismiss the appeal.

The appeal is dismissed.

All concur.

■■■

---

**2.** In addition, "[e]ven with the designation that there is no just reason for delay, a judg-

---

ment must also dispose of one entire claim or a distinct judicial unit." *In re Marriage of Boston,* 104 S.W.3d 825, 831 n. 7 (Mo.App.

2003). "Claims are separate if they require proof of different facts and the application of distinguishable law." *Id.*