In re **ESTATE OF William McKinley BROWN, Decedent.**

v.

**Cheryl SMITH, Defendant–Respondent.**

**No. 57807.**

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 4, 1990.

Mark G. Arnold, Harry B. Wilson, Jr., St. Louis, for plaintiff-appellant.

James Edward Terry, St. Louis, for defendant-respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Pauline Brown, the surviving spouse of George A. Brown, appeals an order of the Circuit Court for the City of St. Louis quieting title to certain real property in the respondent, Cheryl Smith. We reverse and remand for a new trial.

The evidence adduced below reveals that the appellant and George Brown were married on January 16, 1958. On October 4, 1981, William Brown, the father of George Brown, passed away. Two weeks later, George Brown filed an affidavit for collection of a small estate in the probate court. This affidavit identified George Brown and the respondent as the sole heirs at law of William Brown. The evidence reveals, however, that although respondent was raised by William Brown, she was not his biological daughter and was never adopted by him.

Based on the affidavit, the probate court entered its certificate on October 29, 1981. On November 5, 1981, George Brown and the respondent signed a quit-claim deed transferring real property at 4577 Page Ave. in the City of St. Louis to a straw party. The straw party then quit-claimed the property back to George Brown and the respondent as joint tenants with the right of survivorship.

The appellant neither knew of nor consented to the above transaction. The testimony at trial reveals that the appellant first learned of the quit-claim deed after George Brown died in April of 1985. The appellant then brought suit alleging that the conveyance to the straw party was in fraud of her marital rights. A trial on appellant's petition was held on May 16, 1989. On December 8, 1989, the trial court entered its order finding George Brown to be the sole heir at law of William Brown but also finding that appellant "failed to carry her burden of proving fraudulent intent on the part of George A. Brown ... in making a conveyance of real estate on November 5, 1981." This appeal followed.

Appellant's first point is that the trial court erred in imposing the burden of proof upon her to prove that George Brown made the conveyance in fraud of her marital rights. We agree.

Missouri has codified the common law action of fraud of marital rights. RSMo § 474.150 (1978). As pertinent to this case, this section provides:

2. Any conveyance of real estate made by a married person at any time without the joinder or other written express assent of his spouse, made at any time, duly acknowledged, is deemed to be in fraud of the marital rights of his spouse, if the spouse becomes a surviving spouse, unless the contrary is shown.

This section has the "apparent purpose ... to shift the burden of proof to the grantee to disprove fraud where real estate is conveyed by the husband alone without the joinder or written and acknowledged assent of his wife; the subsection was obviously written to compel joinders." *Reinheimer v. Rhedans*, 327 S.W.2d 823, 828–29 (Mo. 1959). The court, thus, erred in placing the burden of proof on the appellant.

Respondent directs this court to *Weber v. Knackstedt*, 707 S.W.2d 800 (Mo.App., E.D. 1986), in support of her claim that the burden of proof is on the surviving spouse. This case has no applicability here. In *Weber*, the transfer of real property was made prior to the parties' marriage. By its terms, RSMo § 474.150.2 only applies to a

"married person." The statute had no applicability in the *Weber* case.

Finding that the burden of proof was misplaced in this case, we reverse and remand for a new trial on the issue of whether or not the transfer made was in fraud of appellant's marital rights.

CRIST and PUDLOWSKI, JJ., concur.