Shirley W. GROH, Appellant,

v.

Barton BALLARD, Respondent.

No. WD 54077.

Missouri Court of Appeals,
Western District.

March 24, 1998.

Scott Manuel, Independence, for Appellant.

Carl Laurent, Independence, for Respondent.

SPINDEN, Presiding Judge.

Shirley Groh appeals the circuit court's judgment denying her motion to reform a beneficiary deed transferring a portion of her brother's property to her after his death. She contends that during the preparation of two beneficiary deeds—one conveying property to her and the other conveying property to her brother's son—the legal descriptions of the two properties were mistakenly switched so that her nephew received property intended for her. We affirm the circuit court's judgment.

Richard Ballard, Groh's brother, owned several tracts in Independence. In February 1995, he asked Ellen Bigge, a lawyer, to help him prepare beneficiary deeds for two of them: 10 acres of unimproved land and another 10 acres on which a house had been built. Ballard gave Bigge legal descriptions for use in preparing the deeds. Ballard apparently was confused about the property the legal descriptions described—at least, the description of the unimproved land ended up on a deed naming Groh as beneficiary and the description of the land with a house on it ended up on a deed naming Ballard's son as beneficiary.

Ballard sold the unimproved land before he died on September 4, 1995.[1] In late December 1995, Bigge became aware that the legal descriptions on the beneficiary deeds conveyed the house to Ballard's son rather than to Groh.

On January 22, 1996, Groh filed a petition to reform the beneficiary deed to the land with a house on it to conform to Ballard's intent. At a bench trial on December 6, 1996, Bigge and the personal representative of Ballard's estate testified at a hearing that Ballard had discussed with each of them that he wanted to leave the house to Groh. The circuit court concluded that it was powerless to reform Ballard's beneficiary deed. We agree.

The General Assembly created beneficiary deeds in § 461.025, RSMo 1994, and governs their use in Chapter 461 of its revised statutes. It has mandated in § 461.062.1, RSMo Supp.1995: "The rights and obligations of the owner, beneficiary and transferring entity [in nonprobate transfers] shall be governed by the nonprobate law of Missouri."

The overarching principle in operation in construing the General Assembly's statutes is that the legislature's intent must prevail, and that intent is discerned from the plain and ordinary meaning of the statute's language. *Wolff Shoe Company v. Director of Revenue,* 762 S.W.2d 29, 31 (Mo. banc 1988). To whatever extent deeds might, in the right circumstance, be subject to reformation,[2] the General Assembly has made clear that beneficiary deeds used to effect a nonprobate transfer of property are subject to the requirements of Chapter 461.

The General Assembly recognized in Chapter 461 that situations would arise in which beneficiary deeds effecting a nonprobate transfer of property would require remedial action. In § 461.054.1, RSMo Supp.1995, it

---

1. Under § 461.033.6, RSMo 1994, any transfer of the property during the owner's lifetime terminates the beneficiary's interest in the property.

2. For example, in *Cox v. Cox,* 725 S.W.2d 880 (Mo.App.1987), this court's Southern District re-

formed a deed created by a father to pass property to his son just before the father's death where a scrivener's error which occurred in the presence of the father and son was deemed a mutual mistake of the parties to the deed.

provided for voiding any beneficiary deed which was "procured by fraud, duress or undue influence." In § 461.054.2, RSMo Supp.1995, the legislature said, "A beneficiary who willfully and unlawfully causes or participates with another in causing the death of the owner ... is disqualified from receiving any benefit" from a beneficiary deed. No provision of Chapter 461 recognizes a property owner's unilateral mistake as a reason for taking any remedial action concerning a beneficiary deed conveying a nonprobate transfer of property. The legislature made no provision in Chapter 461 for reformation.

A standard rule of statutory construction is that the express mention of one thing implies the exclusion of another. *Yellow Freight Systems, Inc. v. Mayor's Commission on Human Rights of City of Springfield,* 791 S.W.2d 382, 387 (Mo. banc 1990). The General Assembly's express mention of fraud, duress, undue influence, and murder as reasons for voiding a beneficiary deed imply that it did not intend that any other situation, including the property owner's unilateral mistake, be deemed a cause for remedial action.

Ballard's intent was irrelevant—even in the face of conclusive evidence of his intent. Chapter 461's omission of provision for reformation demonstrates the General Assembly's intent that a property owner's intent—save for cases involving fraud, duress, undue influence, or murder—was irrelevant to the circuit court's consideration of Ballard's beneficiary deed. *See Maudlin v. Lang,* 867 S.W.2d 514, 518 (Mo. banc 1993) (considering analogous situation: intent of owners of joint bank accounts irrelevant in light of statutes governing right of survivorship). *See also Estate of Hysinger v. Heeney,* 785 S.W.2d 619 (Mo.App.1990).

We, therefore, affirm the circuit court's judgment.

LAURA DENVIR STITH and EDWIN H. SMITH, JJ., concur.