Rebecca A. HANKINS, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. 22737.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 10, 1999.

Jeremiah W. (Jay) Nixon, Attorney General, and Evan J. Buchheim, Assistant Attorney General, Jefferson City, for appellant.

No appearance for respondent.

MONTGOMERY, Presiding Judge.

The Director of Revenue (Director) appeals a judgment which set aside the Director's revocation of Rebecca A. Hankins's permit to operate a school bus. We reverse.

Effective December 22, 1997, Director suspended Hankins's Missouri driver's license, pursuant to § 302.505,[1] for operating a motor vehicle with a blood alcohol content of at least .10%.[2] Director then

---

1. Statutory references are to RSMo Supp. 1997, unless otherwise noted.

2. The record shows that Hankins was arrested on November 22, 1997, at approximately 12:30 a.m. after the arresting officer observed her 1990 Chevrolet Lumina weaving from the right shoulder of the road into the opposite lane of traffic. Hankins's breathalyzer test revealed that she had a blood alcohol content of .20%. Hankins admitted that she had been drinking beer at a tavern during a four-and-a-half-hour time period just prior to her arrest.

revoked Hankins's school bus permit under the provisions of § 302.272 and 12 CSR 10–24.160. Hankins filed a petition for review under § 302.311, RSMo 1994, seeking to set aside the Director's revocation of her school bus permit. Subsequently, the trial court entered a judgment in favor of Hankins. Director appeals.

Director's sole point relied on alleges:

The trial court erred in setting aside the Director's revocation or termination of Hankins's school bus permit because this revocation was authorized under § 302.272.5, RSMo Supp.1997 and 12 CSR 10–24.160 in that Hankins's driving privilege had been suspended under the provisions of § 302.505, RSMo Supp. 1997, for driving with a blood alcohol content of at least .10%.

Our review of this case is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). This Court must affirm the trial court's judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. Director asserts that the trial court misapplied the law in this case. We agree.

■ The issue here is whether the Director had authority to revoke Hankins's school bus permit because she had been suspended under § 302.505 for driving with a blood alcohol content of at least .10%. Director claims his authority derives from § 302.272, a comprehensive statute dealing with the qualifications of persons allowed to operate a school bus.

In pertinent part, § 302.272 provides:

1. No person shall operate any school bus owned by or under contract with a public school or the state board of education unless such driver has qualified for a school bus permit under this section and complied with the pertinent rules and regulations of the department of revenue. A school bus permit shall be issued to any applicant who meets the following qualifications:

(1) The applicant has a valid state license issued under this chapter . . .;

(2) The applicant is at least twenty-one years of age;

(3) The applicant has passed a medical examination, including vision and hearing tests, as prescribed by the director of revenue . . .; and

(4) The applicant has successfully passed an examination for the operation of a school bus as prescribed by the director of revenue. . . .

. . . .

5. The director of revenue, to the best of the director's knowledge, shall not issue or renew a school bus permit to any applicant:

(1) Whose driving record shows that such applicant's privilege to operate a motor vehicle has been suspended, revoked or disqualified or whose driving record shows a history of moving vehicle violations[.]

The mandate of § 302.272.1 is clear – no person shall drive a school bus without (1) qualifying for a permit under § 302.272, and (2) complying with the "pertinent rules and regulations of the department of revenue."

Director has used the grant of rule-making authority in § 302.272.1 to promulgate 12 CSR 10–24.160, a rule entitled "Missouri School Bus Operator's Permit Driving History Guidelines." This rule states, in pertinent part:

(2) An applicant shall be denied a school bus operator's permit if his/her driving privilege has been suspended or revoked within five (5) years preceding the date of application—

(A) For violating the provisions of sections 302.500–302.540, RSMo;

. . . .

(7) The criteria outlined in sections (1) through (6) of this rule for denying issuance of a school bus operator's permit to an applicant also apply to current holders of a school bus operator's permit.

When these actions or violations occur, the school bus permit holder is notified that his or her school bus operator's permit is no longer valid due to the holder's driving history.

The trial court's decision was apparently based on the "shall not issue or renew" language of § 302.272.5. The trial court might have been correct if the Director had not promulgated 12 CSR 10–24.160(7). Obviously, § 302.272.5 is silent as to what action the Director may take against current school bus permit holders who commit the acts forbidden by § 302.272.5(1). However, § 302.272.1 provides that no person shall operate a school bus unless that person complies with the Director's rules and regulations. Hankins has not complied with the rule in question.

A school bus permit is renewable every three years. § 302.272.2. In the absence of 12 CSR 10–24.160, a school bus permit holder could conceivably continue to drive a school bus for up to three years even though the permit holder's operator's license had been suspended or revoked. We are certain that the legislature did not intend to allow a person caught driving while intoxicated to retain a school bus permit after such conduct has occurred. The legislature gave the Director rule making authority regarding school bus permits anticipating the promulgation of rules to ensure the safe transportation of school children.

An administrative agency may promulgate regulations "to the extent of and within the delegated authority of the statute involved." *Hearst Corporation v. Director of Revenue*, 779 S.W.2d 557, 558–59 (Mo. banc 1989).

The validity of an administrative rule or regulation is reviewed in the light of the ill sought to be cured and will be sustained unless unreasonable or plainly inconsistent with the enactment. A rule or regulation is not unreasonable merely because it may be burdensome, but only if it bears no rational relationship to the legislative purpose. *Emily v. Missouri State Div. of Family Services*, 570 S.W.2d 783, 785–86 (Mo.App. 1978). "Rules and regulations issued under an act will be sustained unless unreasonable and plainly inconsistent with the act and are not to be overturned except for weighty reasons." *Termini v. Missouri Gaming Comm'n*, 921 S.W.2d 159, 161 (Mo.App.1996).

We find that 12 CSR 10–24.160(7) is not unreasonable nor plainly inconsistent with the purpose of § 302.272. The purpose of this statute is clearly intended to prevent unsafe drivers from transporting school children. The Director's rule reasonably disqualifies a person from continuing to operate a school bus after that person has exhibited a willingness to drive while intoxicated. The rule bears a rational relationship to the purpose of § 302.272.

"Duly promulgated rules of a state administrative agency have the force and effect of law." *Killion v. Bank Midwest, N.A.*, 886 S.W.2d 29, 32 (Mo.App.1994). Therefore, the trial court erroneously applied the law in allowing Hankins to retain her school bus permit.

The judgment is reversed.

PREWITT, J., and BARNEY, J., concur.