**MASSAGE THERAPY TRAINING IN-STITUTE, LLC, and School of Massage Arts, Plaintiffs–Appellants,**

v.

**MISSOURI STATE BOARD OF THERAPEUTIC MASSAGE, Defendant–Respondent.**

**No. 24257.**

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 29, 2002.

Jason N. Shaffer, Hulston, Jones, Marsh & Shaffer, Springfield, for appellants.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, for respondent.

KENNETH W. SHRUM, Presiding Judge.

Plaintiffs in this declaratory judgment suit are schools of massage therapy, that is, they are proprietary schools (as defined in § 173.600(9)) that offer a course of study in massage therapy. The defendant is the Missouri State Board of Therapeutic Massage ("Board"). It is an administrative agency established by § 324.243 to regulate and license massage therapists. By this suit, Plaintiffs asked the trial court to declare invalid certain regulations promulgated by Board.[1]

The trial court found (1) Board had authority to issue the subject regulations and the regulations were valid, (2) the regulations had a "rational relationship to a legitimate state interest," and (3) the regulations were neither arbitrary, capricious, nor unreasonable. Plaintiffs appeal, advancing reasons why the regulations are invalid and charging the trial court erred in each of its findings.

■ In reviewing a declaratory judgment, our standard of review is that prescribed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). *McDermott v. Carnahan*, 934 S.W.2d 285, 287 (Mo.banc 1996). Specifically, we must affirm the trial court's judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Hankins v. Director of Revenue*, 998 S.W.2d 879, 880 (Mo.App.1999). Plaintiffs assert the trial court misapplied the law in this case. We disagree. We affirm.

The legislature enacted §§ 324.240 to 324.275 in 1998 and amended some provisions in 1999. This body of law is designed to regulate the practice and business of "massage therapy" (as defined in § 324.240(7)). The legislation requires, *inter alia*, that a massage therapy practitioner be licensed (§ 324.247), prescribes the educational and work experience standards that a license applicant must have to get a license (§ 324.265), and makes it a criminal offense to violate any of the provisions of §§ 324.240 to 324.275. (§ 324.275).

■ The issue presented here concerns the validity of regulation 4 CSR 197–2.010 that requires certain massage therapist licensure applicants to submit a transcript showing completion of a course of study taught by instructors having a prescribed minimum educational and professional experience background.[2] Although Plaintiffs urge the invalidity of this entire regulation, they focus on specific provisions that adversely affect them. Specifically, Plaintiffs challenge language in 4 CSR 197–2.010 that requires an applicant for a massage therapist license to submit a transcript showing he or she has completed a massage therapy program taught by instructors who have (1) "practiced professionally for at least two (2) years[,]" (2) a bachelor's degree or minor in a healthcare relat-

---

1. All statutory references are to RSMo (2000) unless stated otherwise.

2. Plaintiffs' point also contends another regulation, 4 CSR 197–2.040, is invalid to the extent it requires massage therapy schools submit to Board certain documentation for a student license, i.e., the "student's name, address, telephone number, date of birth and Social Security number[ ]" and requires them to notify Board of a student's progress as a precursor to the Board's issuance of a student license. However, the only supporting argu-ment in Plaintiffs' brief concerning this matter, reads: "No authority exists for the Board to demand the schools to expend administrative time, effort and expense to gather and submit information to the state." Because Plaintiffs do not develop this claim in the argument section of their brief, either by citation to relevant authority or argument beyond mere conclusions, we deem it abandoned. *See Glidewell v. S.C. Management, Inc.*, 923 S.W.2d 940, 956[25] (Mo.App.1996).

ed field to teach anatomy or physiology, (3) "documentable experience/education" in a related field of business practice, professional ethics, hygiene, and massage law in the state of Missouri, and (4) certification in cardiopulmonary resuscitation (CPR).

In answering Plaintiffs' arguments, Board relies primarily on §§ 324.245 and 324.265 as its statutory authority to promulgate the challenged regulations. Specifically, Board points to this language in § 324.245:

"1. The board is authorized to promulgate rules and regulations regarding:

. . . .

"(3) Educational requirements for licensure;

"(4) The standards and methods to be used in assessing competency as a massage therapist. . . ."

In addition, Board cites this language from § 324.265:

"A person desiring a license to practice massage therapy shall . . . submit satisfactory evidence to the board of meeting at least one of the following requirements:

. . . .

"(2) Completing massage therapy studies consisting of at least five hundred hours of supervised instruction and subsequently passing an examination approved by the board. . . . *The course of instruction shall be approved by the board. . . .*" (Emphasis supplied.)

■ Plaintiffs counter by arguing that the questioned regulations were not promulgated within the scope of the legislative authority conferred upon Board; that

because the regulations went beyond the scope of the legislative authority given Board, they are void. *See Casey v. State Bd. of Registration of Healing Arts,* 830 S.W.2d 478, 479 (Mo.App.1992). Continuing, Plaintiffs say that in analyzing the scope of Board's authority to issue rules, this court "must ascertain the intent of the General Assembly from the language used in the statutes and give effect to that intent." *Id.* at 479[3]. Further, Plaintiffs remind us that we are not "restricted solely to the statutes creating and governing the Board but . . . may look to other legislation evidencing the legislative intent." *Id.* at 480[4]. Plaintiffs insist that adherence to these principles can only lead to the conclusion that the subject regulations "are void" as they exceed the scope of the legislative authority conferred upon Board or attempt to extend or modify the statutes governing regulation of physical therapists. *See Missouri Hosp. Ass'n v. Missouri Dept. of Consumer Affairs,* 731 S.W.2d 262, 264 (Mo.App.1987); § 536.014.[3]

In making this argument, Plaintiffs point out that the legislature, in prescribing the six areas in which Board might promulgate regulations, never specifically included authority over massage therapy schools. They also note that the word "school" never appears in chapter 324 and insist there is no language in the chapter that addresses "massage therapy schools or language requiring massage therapy instructors to have a bachelor's of science, certification in CPR or to possess two years experience as practicing, licensed massage therapist as required by 4 CSR

**3.** Section 536.014 provides: "No . . . agency . . . or board rule shall be valid in the event that:

"(1) There is an absence of statutory authority for the rule or any portion thereof; or

"(2) The rule is in conflict with state law, or

"(3) The rule is so arbitrary and capricious as to create such substantial inequity as to be unreasonably burdensome on persons affected."

197–2.010." Plaintiffs argue that the absence of the word "schools" in the "massage therapy" sections of chapter 324, when read with §§ 173.600 to 173.619 (dealing with Regulation of Proprietary Schools), evidences a legislative intent to limit Board to the role of licensing massage therapists; that to the extent the Board's regulations attempt to regulate schools of massage therapy and their instructors, they conflict with and are inconsistent with relevant provisions in chapter 173 and should be declared invalid. In that regard, Plaintiffs assert "[t]he language of 4 CSR 197.2010 is inconsistent with the language of § 173.604.2 because said regulation creates a higher standard than is required by [§ 173.604.2] by requiring specific degrees, certifications and two years massage therapist experience." [4] Based on the premise that the challenged regulations are inconsistent with § 173.604.2, Plaintiffs say they violate § 536.014 (*see* n. 3) and are invalid.

Plaintiffs seek to bolster their argument of a fatal inconsistency between 4 CSR 197–2.010 and § 173.604.2 by discussing the impact of the regulations on David Johnson, an instructor at Massage Therapy Training Institute ("MTTI"). The evidence established that Johnson had taught anatomy and physiology at MTTI with remarkable success, despite his lack of a bachelor's degree. Specifically, 100% of MTTI's students "who took [Johnson's] anatomy and/or physiology classes and who subsequently took the 2000 national exam, passed." Until Board adopted 4 CSR 197–2.010, the Coordinating Board of Higher Education ("CBHE") licensed MTTI as a massage therapy school with Johnson as a staff member. Now, however, CBHE will not license MTTI with Johnson on staff as an instructor because Johnson does not have a bachelor of science degree. Plaintiffs ask, "Is it reasonable to bar an instructor from teaching when 100% of his students are passing the national exam?"

The answer to Plaintiffs' rhetorical question about Johnson lies in the fact that "[r]ule-making, by its nature, involves an agency statement that affects the rights of individuals in the abstract." *Baugus v. Dir. of Revenue*, 878 S.W.2d 39, 42 (Mo. banc 1994). Regulations promulgated under an act are to be sustained unless unreasonable and plainly inconsistent with the act and are not to be overturned except for weighty reasons. *Foremost–McKesson, Inc. v. Davis*, 488 S.W.2d 193, 197[1] (Mo.banc 1972). The validity of an administrative rule or regulation must be reviewed in the light of the ill sought to be cured. *Hankins*, 998 S.W.2d at 881[3].

Here, the mandate of §§ 324.240 to 324.275 is clear—no individual is to engage in the practice of massage therapy, as defined by statute, without qualifying for a license under § 324.265.[5] Not only does

---

4. In pertinent part, § 173.604.2 provides:

"2. Minimum standards for proprietary schools shall be established in the rules and regulations [promulgated by the Coordinating Board of Higher Education] and shall require that:

"(1) *Educational and experience qualifications* of ... instructors are adequate for students to receive training consistent with the published objectives of the course or program of study...."

5. "Massage therapy" is defined in § 324.240(7) as follows:

"[A] health care profession which involves the treatment of the body's tonus system through the scientific or skillful touching, rubbing, pressing, or other movements of the soft tissues of the body with the hands, forearms, elbows, or feet, or with the aid of mechanical apparatus, for relaxation, therapeutic, remedial or health maintenance purposes to enhance the mental and physical well-being of the client...."

the state have a legitimate interest in protecting its citizens from an incompetent health care provider (including massage therapists), *see Artman v. State Bd. of Registration,* 918 S.W.2d 247, 252 (Mo. banc 1996), it has a legitimate interest in establishing a high level of competence for massage therapists. *See Linton v. Missouri Veterinary Medical Bd.,* 988 S.W.2d 513, 516 (Mo.banc 1999). In an obvious attempt at raising the level of competence for this profession and thus protecting the public, the legislature established alternative minimum requirements for an applicant to meet before he or she could be licensed as a massage therapist. *See* § 324.265. Applicants who cannot qualify for a license under § 324.265(1), (3), (4), (5), or (6), can nevertheless be licensed by "completing massage therapy studies consisting of at least five hundred hours of supervised instruction and subsequently passing an examination approved by the board." § 324.265(2). However, the legislature clarified in § 324.265(2) that "[t]he course of instruction shall be approved by the board[ ]" and it empowered the Board to "promulgate rules and regulations regarding[ ] . . . [e]ducational requirements for licensure[.]" § 324.245.1(3).

▪ Upon giving the language of § 324.265(2) and § 324.245.1(3) its plain and ordinary meaning, we find the legislature intended to give Board not only the authority to promulgate rules and regulations to establish the "course of instruction," but also the *quality* of instruction, which would logically include minimum educational and experience requirements for the course instructors. As such, these statutes impliedly conferred upon Board the power to promulgate a regulation requiring that applicants seeking licensure provide a transcript showing completion of a massage therapy program with the training and educational background as prescribed in 4 CSR 197–2.010. Plaintiffs' argument to the contrary lacks merit.

As to Plaintiffs' argument that 4 CSR 197–2.010 is invalid because it conflicts with and is inconsistent with § 173.604.2, this ignores relevant legislative history. The 1998 version of § 324.240(6) defined "[m]assage therapist" as "an individual who possesses teaching credentials *satisfactory to the department of higher education* for the purpose of teaching massage therapy[.]" (Emphasis supplied.) Moreover, a person seeking a license as a massage therapist pursuant to § 324.265.1(2), RSMo Cum.Supp.1998, had to show he or she had completed massage therapy studies pursuant to "a course of instruction . . . *provided by the coordinating board for higher education.*" (Emphasis supplied.) All this changed in 1999 when the legislature amended the law and deleted all references to the department or board of higher education. Thus, in the 1999 version of § 324.265.1(2) the legislature specifically named Board—not the department of higher education—as the exclusive agency having authority to approve the course of instruction for massage therapy students. Moreover, in 1999 the legislature redefined the phrase "[m]assage therapy instructor" to mean "an individual who possesses teaching credentials *satisfactory to the board* for the purpose of teaching massage therapy[.]" § 324.240(8) (emphasis supplied).

▪ When the legislature amends a statute, it is presumed to have intended the amendment to have some effect or to accomplish some legislative purpose. *State v. Rousseau,* 34 S.W.3d 254, 261[11] (Mo.App.2000). It would appear that the legislature clearly intended by these amendments to give Board singular responsibility for prescribing the educational prerequisites for massage therapy students, including the minimum educational

and professional experience requirements that an applicant's course instructors must possess. "Where one statute deals with a particular subject in a general way, and a second statute treats a part of the same subject in a more detailed way, the more general should give way to the more specific." *Casey*, 830 S.W.2d at 481[6]. Here, the 1999 amendments to chapter 324 showed a legislative intent that Board should set the course of study for massage therapy students and, as an incident of that, prescribe the qualifications of instructors in a more detailed way than was provided for in § 173.604.2. Plaintiffs' claim, that Board's regulation is invalid because it invades the alleged exclusive statutory authority given by the legislature to the CBHE, has no merit.

We now move to Plaintiffs' claim that 4 CSR 197–2.010 is invalid because it is arbitrary, capricious, and bears no reasonable relationship to the "evil" the legislature sought to cure by §§ 324.240 to 324.375. As stated earlier, the state has a legitimate interest in protecting its citizen from incompetent massage therapists and thus has a vested interest in insuring that massage therapists have a minimal level of competence with respect to their education and training. "Once a legitimate interest can be articulated, all that remains is whether the means chosen . . . is rationally related to achieving that purpose." *Linton*, 988 S.W.2d at 516.

Plaintiffs point to David Johnson's success in teaching students as evidence that there is no reasonably conceivable basis for requiring that a prospective licensee under § 324.265(2) show that his or her instructors had two years professional experience and that their anatomy and physiology teachers had bachelor of science degrees. We disagree; such evidence is not dispositive.

An administrative agency rule is not unreasonable just because it may be burdensome to a particular person, *Hankins*, 998 S.W.2d at 881[4], or simply because of a subjective feeling that the regulation is arbitrary or unduly burdensome. *Linton*, 988 S.W.2d at 517. Plaintiffs have not met their burden of showing Board acted arbitrarily, capriciously, or unreasonably in adopting 4 CSR 197–2.010. In our view, 4 CSR 197–2.010 requiring a course of study that includes instructors having the prescribed education and professional experience is reasonable and consistent with the legislature's purpose in requiring licensing of massage therapists. The trial court correctly found that Rule 4 CSR 197–2.010 had "a rational relationship to a legitimate state interest and [was] neither arbitrary, capricious, nor unreasonable." Plaintiffs' arguments to the contrary are rejected.

Finally, Plaintiffs complain that the trial court erred in not finding that the questioned regulations violated provisions of the United States Constitution and the Missouri Constitution and were, therefore, invalid for those additional reasons. Fatal to this argument, however, is the fact that the constitutional issues were not properly raised and presented to the trial court; consequently, they are not properly before this court. *See Callier v. Dir. of Revenue*, 780 S.W.2d 639, 641 (Mo. banc 1989).

A constitutional issue has to be raised in the trial court at the earliest possible moment " 'that good pleading and orderly procedure will admit under the circumstances of the given case, otherwise it will be waived.' " *Meadowbrook Country Club v. Davis*, 384 S.W.2d 611, 612 (Mo.1964) (quoting *Securities Acceptance Corp. v. Hill*, 326 S.W.2d 65, 66 (Mo.1959)).

" 'To properly raise a constitutional question, plaintiffs are required to: (1)

raise the constitutional question at the first available opportunity; (2) *designate specifically the constitutional provision claimed to have been violated,* such as by explicit reference to the article and section or by quotation of the provisions itself; (3) *state the facts showing the violation;* and (4) *preserve the constitutional question throughout* for appellate review.' "

*Callier,* 780 S.W.2d at 641 (quoting *City of Eureka v. Litz,* 658 S.W.2d 519, 521 (Mo. App.1983)) (emphasis supplied). An allegation in a petition that purports to challenge a legislative enactment because it "violates the Constitutions of the United States and the State of Missouri," is not sufficient to raise a constitutional question. *Callier,* 780 S.W.2d at 642.

Here, the petition does not designate, with the requisite specificity, any constitutional provision or clause claimed to have been violated nor does it plead facts showing a constitutional violation.[6] As such, Plaintiffs' pleadings are patently insufficient to raise constitutional issues or question the validity of 4 CSR 197–2.010 on that basis. *Callier,* 780 S.W.2d at 642. We further note that Plaintiffs have not preserved the constitutional issues on appeal because of their failure to abide by mandatory briefing requirements. Specifically, Plaintiffs have not supported their claims of unconstitutionality of the regulations with relevant authority or argument beyond conclusions; consequently, we deem the point abandoned. · *Glidewell,* 923

S.W.2d at 956[25]. We specifically decline to review the point *ex gratia* as we implicitly ruled Plaintiffs' constitutional challenges adversely to them when we found a rational basis existed for the promulgation of the regulations and held that they were neither arbitrary, capricious, nor unreasonable. Point denied.

The judgment of the trial court is affirmed.

MONTGOMERY and BARNEY, JJ., concur.

---

**6.** Plaintiffs' attempt at pleading constitutional violations consists of the following:

"(a) Regulations violate the United States Constitution and the Missouri Constitution in that said regulations constitute a taking of property without compensation by requiring Plaintiffs to remove current instructors and retain additional instructors or instructors at higher pay to comply with the before mentioned regulations;

"(b) The ... regulations violate the United States Constitution and the Missouri Constitution in that it denies Plaintiffs due process.

. . . .

"(e) The ... regulations violate the United States Constitution and the Missouri Constitution in that it does not 'grandfather' in current schools or current instructors."