154 S.W.3d 376 (2005)
Karen D. PIPPIN, Plaintiff-Appellant,
v.
Kenneth D. PIPPIN, Defendant/Counter-Claimant-Respondent,
v.
Karen D. Pippin, Trustee, Third-Party Defendant-Cross-Claimant.
No. 26101.
Missouri Court of Appeals, Southern District, Division One.
December 2, 2004.
Motion for Rehearing or Transfer Denied December 27, 2004.
Application for Transfer Denied March 1, 2005.
*377 Paul D. Link, Tina G. Fowler, Lathrop & Gage, L.C., Springfield, for appellant.
Richard L. Schnake, Daniel K. Wooten, Neale & Newman, L.L.P., Springfield, for respondent.
PHILLIP R. GARRISON, Presiding Judge.
The Circuit Court of Barry County ("trial court") found that a beneficiary deed executed by Karen D. Pippin ("Appellant") and Charles K. Pippin ("Decedent") on November 21, 2000, was effective to convey a life estate in certain real property ("property") to Appellant and a remainder in fee simple to Kenneth D. Pippin ("Respondent"). We reverse and remand.
Appellant and Decedent were married in 1991 and divorced in 1995. Respondent is Decedent's son by a previous marriage. Appellant and Decedent executed a "Family Trust," (hereafter called "Family Trust") in March 1995, naming themselves as trustees, and providing that it was revocable by both or either of the trustees. The Family Trust also contained a "Surviving Spouse's Trust" (hereafter called "Appellant's Trust") which, as the name implies, was to be for the benefit of the survivor of them. The Family Trust also provided that upon the death of the first spouse (in this case Decedent), the trustee was to "allocate the trust estate to the Surviving Spouse's Trust," which in the context of this case would be Appellant's Trust. It also provided that "[a]fter the allocation of the trust estate, the surviving spouse may revoke and amend the Surviving Spouse's Trust" [Appellant's Trust].
The property in question here was apparently conveyed to the Family Trust because in December 1995, as a part of the dissolution of Appellant and Decedent's marriage, they, as trustees of the Family Trust, conveyed the property to Decedent as a single person. Appellant and Decedent remarried in 1997 and resumed living together on the property, though it remained titled in Decedent's name alone.
The trial court made findings, uncontested on this appeal, that the following events occurred on November 21, 2000:
(1) Appellant and Decedent executed a document titled "Beneficiary Deed" which, by its terms, conveyed the property from "Grantors: [Decedent] and [Appellant]" to "[Appellant] for and during her natural life, and upon her death unto [Respondent], his heirs and assigns, forever." The beneficiary deed also contained the following language:
"THIS BENEFICARY DEED is executed pursuant to Section 461.025 RSMo Supplement 1989. It is not effective to convey title to the above described real estate until Grantors, [Decedent] and [Appellant's] death. This deed will not become effective unless recorded before Grantors [Decedent] and [Appellant's] death, and it is subject to revocation and change in the manner provided by law."
This deed was recorded the following day, on November 22, 2000.
(2) Decedent and Appellant executed a revocable trust for the benefit of Respondent, ("Respondent's Trust") naming Appellant as trustee, and providing that it would be funded by the proceeds of a $125,000 life insurance policy on Decedent's life. It also provided that "[t]he Grantor may from time to time by instrument signed, acknowledged and delivered to Trustee, modify or revoke in whole or in part this agreement or the Trust hereby created."

*378 (3) Decedent and Appellant also executed an amendment to the Family Trust which stated that it was for the purpose of amending the distribution of the trust estate upon the death of Decedent. It provided that upon Decedent's death, the trustee was to allocate from the trust estate $125,000 from a life insurance policy on Decedent to Respondent's Trust, with the remaining assets allocated to Appellant's Trust, except that upon the death of the surviving spouse (here, that would be Appellant), the trustee was to distribute the property to Respondent. The amendment also contained the following:
We, [Decedent] and [Appellant], Settlors, hereby ratify and affirm all the other provisions of our [Family Trust] non [sic] inconsistent with this amendment and except as modified and amended by this instrument. We further reserve unto ourselves the right to further revoke, change, amend or modify our [Family Trust].
Decedent died on July 4, 2001. This litigation began when Appellant filed suit against Respondent seeking to replevy an automobile. In a counterclaim, Respondent alleged the execution of the Beneficiary Deed which conveyed to him a remainder interest in the property subject to Appellant's life estate; that Appellant had demanded that he convey all of his remainder interest in the property, threatening that if he did not, she would not fund his trust with the $125,000 life insurance proceeds and would revoke the provisions of his trust calling for its funding; and that pursuant to Section 461.033,[1] Appellant was without power to revoke or change the beneficiary designation in the Beneficiary Deed because Decedent and not Appellant was the "owner" of the property.[2] Respondent prayed in the counterclaim for a declaration that the Beneficiary Deed is valid; that Appellant has a life estate in the property by reason of the Beneficiary Deed and he has a remainder interest; and that Appellant cannot revoke his beneficiary interest in the property.
Appellant filed a "Third Party Cross-Claim" against Respondent in which she alleged, inter alia, that the Beneficiary Deed did not comply with the provisions of Section 461.025, which requires that the deed take effect on the death of the owner. She sought a declaration that the Beneficiary Deed was invalid.
On May 9, 2002, Appellant moved for summary judgment claiming that the beneficiary deed was invalid, and that she was entitled to a judgment concluding that the property should pass under Decedent's will.[3] On October 7, 2002, Respondent *379 filed a motion for summary judgment contending that the beneficiary deed was valid and that he was entitled to a judgment declaring that Appellant received a life estate in that property, and that he had the remainder interest. The trial court granted summary judgment in favor of Respondent, finding that Respondent was entitled to judgment as a matter of law because the beneficiary deed was valid and that Appellant had a life estate in the property with Respondent holding the remainder interest. The trial court did not address whether the property passed under Decedent's will, finding the point moot because of its decision as to the beneficiary deed. This appeal followed.
Our review of an appeal from the trial court's granting a motion for summary judgment is essentially de novo. ITT Commercial Fin. Corp. v. Mid-America Marine Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993). "The propriety of summary judgment is purely an issue of law." Id."[A]n appellate court need not defer to the trial court's order granting summary judgment." Id. Summary judgment is proper when there is no genuine issue of material facts, and the moving party is entitled to a judgment as a matter of law. First Nat'l Bank of Annapolis, N.A. v. Jefferson Ins. Co. of New York, 891 S.W.2d 140, 142 (Mo.App. S.D.1995). "When considering appeals from summary judgments, the [appellate court] will review the record in the light most favorable to the party against whom judgment was entered." ITT Commercial Fin. Corp., 854 S.W.2d at 376. This case requires us to answer a question purely of law.
Appellant presents two points on appeal. In her first point, Appellant claims the trial court erred in granting summary judgment by erroneously applying or declaring the law when it found the beneficiary deed to be valid under Section 461.025. She claims that, by its own terms, the deed failed to transfer the property upon the death of the owner (Decedent) as provided in Section 461.025. She points to the fact that the deed states "[i]t is not effective to convey title ... until Grantors, [Decedent] and [Appellant's] death." Appellant argues that according to the language of the deed, it does not convey the property to anyone until the death of Appellant, keeping title to the property in limbo. Furthermore, she claims that the deed cannot be reformed.
Respondent argues that Appellant is estopped from denying the validity of the deed because she was both a grantor and a grantee under the deed. He also claims that it is impermissible to challenge the validity of the deed on the grounds that it does not comply with the statute. In the alternative, he argues, the deed meets the statutory requirements for a beneficiary deed under Section 461.025 and that Appellant is misreading those requirements.
Respondent's estoppel argument is not well taken as he did not include it in his original pleadings as an affirmative defense or as part of his counter-claims. He only raised it in his motion for summary judgment, suggestions in support of his motion for summary judgment, and his response to Appellant's motion for summary judgment. See Contemporary Management, Inc. v. 1007 Olive Partnership, 760 S.W.2d 135, 138-139 (Mo.App. E.D.1988) (finding that where a party only raised an estoppel argument in a motion for summary judgment and in proposed findings of fact and conclusions of law, estoppel was not pled and therefore could not be raised on appeal).
The legislature created beneficiary deeds when it enacted the Nonprobate Transfers Law of Missouri in 1989. Sections 461.003-461.081, RSMo Cum.Supp. (1989). Both parties agree that the trial court applied the incorrect version of Section *380 461.025.1. Here, the trial court applied the pre-1995 amendments language of Section 461.025, authorizing beneficiary deeds, instead of the statute as it read at the time of the execution of the deed in question. The statute originally read:
A deed that conveys an interest in real property to grantee beneficiaries designated by the grantor or grantors, that expressly states that the deed is not to take effect until the death of the grantor, or last to die of two or more grantors, transfers the interest provided to the designated grantee beneficiaries who survive, effective on death of the grantor or last to die of two or more grantors, if the deed is executed and filed of record with the recorder of deeds in the city or county or counties in which the real property is situated prior to the death of the grantor or last to die of two or more grantors. A beneficiary deed need not be supported by consideration or be delivered to any grantee beneficiary.
Section 461.025.1, RSMo Cum.Supp. (1989). This statute was amended in 1995 and, as in November 2000, reads:
A deed that conveys an interest in real property to a grantee designated by the owner, that expressly states that the deed is not to take effect until the death of the owner, transfers the interest provided to the designated grantee beneficiary, effective on death of the owner, if the deed is executed and filed of record with the recorder of deeds in the city or county or counties in which the real property is situated prior to the death of the owner. A beneficiary deed need not be supported by consideration or be delivered to the grantee beneficiary. A beneficiary deed may be used to transfer an interest in real property to a trust estate, regardless of such trust's revocability.
Section 461.025.1. The beneficiary deed at issue states that it was "pursuant to Section 461.025 RSMo Supplement 1989," and it was executed in November 2000. The wording of the deed, listing both Decedent and Appellant as grantors, follows the pre-amendment statutory language by stating that "[i]t is not effective to convey title ... until Grantors, [Decedent] and [Appellant's] death." By comparison, the version of the statute in effect when the deed was executed provides that such a conveyance is not to take effect until the death of the "owner." Section 461.025.1. It is undisputed that at his death, Decedent was the sole owner of the property. It is also undisputed that the deed was properly executed and recorded in Barry County, where the property is located. We must determine whether the deed, as written, meets the express statement requirement of the current version of Section 461.025.1. We find that it does not.
Section 461.025.1 requires that the beneficiary deed contain an express statement "that the deed is not to take effect until the death of the owner" as opposed to the old language which required that the deed expressly "state [ ] that [it] is not to take effect until the death of the grantor, or last to die of two or more grantors." Section 461.025.1 RSMo Cum. Supp (1989). "Owner" is defined as "a person or persons having a right, exercisable alone or with others, to designate the beneficiary of a nonprobate transfer, and includes joint owners." Section 461.005(8).
When we interpret a statute, "[a] primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider words in the statute in their plain and ordinary meaning." Reeves v. Bockman, 101 S.W.3d 280, 282 (Mo.App. S.D.2002) (quoting Day v. Wright County, 69 S.W.3d 485, 490 (Mo.App. S.D.2000)). "When the legislature amends a statute, it is presumed to *381 have intended the amendment to have some effect or to accomplish some legislative purpose." Massage Therapy Training Institute, LLC v. Missouri State Bd. of Therapeutic Massage, 65 S.W.3d 601, 607 (Mo.App. S.D.2002).
The language of the statute is clear. Following the ordinary meaning of Section 461.025.1, we find that the deed must contain an express statement that it will not take effect until the death of the owner. This purported deed expressly states that it is not to take effect until the "Grantors, [Decedent] and [Appellant's] death." Decedent was the owner of the property. Appellant was not an owner under the statutory definition, nor does either party allege otherwise. As it is written, the deed does not comply with the requirement of an express statement that it is not effective until the death of the owner as it attempts to make the deed ineffective until after the death of a non-owner as well. Additionally, if we were to enforce the deed as it is written, title to the property would be uncertain as it purports to give a life estate to Appellant, but that life estate would not be effective until Appellant's death.
The legislature specifically amended the language of Section 461.025.1 to remove the word "grantor" and replace it with "owner." We must give effect to that amendment in a situation such as this where the deed uses language that the legislature deemed it necessary to replace. Furthermore, in the Nonprobate Transfers Law definitions section, Section 461.005(7), "[n]onprobate transfer" does not include "a transfer made on death of a person who did not have the right to designate his or her estate as the beneficiary of the transfer [.]" Since Appellant was not an owner of the property, she did not have the right to designate anyone as a beneficiary of the transfer, let alone her own estate, and she could not, therefore, make a nonprobate transfer of the property.
We do not agree with Respondent's argument that Appellant can only challenge the deed based on fraud, undue influence, and murder, and not lack of compliance with Section 461.025. It is true that a beneficiary deed may only be reformed for fraud, undue influence, and murder. Groh v. Ballard, 965 S.W.2d 872, 873-874 (Mo.App. W.D.1998). If Respondent's contention were true, however, the statutory requirements would be meaningless. Section 461.025.1, as pointed out by both parties and noted above, contains two requirements: an express statement that it does not take effect until the death of the owner, and that it be executed and recorded in the county where the land is situated. This deed was executed and recorded in Barry County, where the land is situated. However, as we determined above, the deed does not contain an express statement that it is effective upon the death of the owner. If the deed does not meet the statutory requirements, it is invalid, regardless of the reasons for challenging it.
Respondent claims that the deed meets the requirements of Section 461.025, but that Appellant misreads the requirements. This argument is also not well taken. Respondent contends that since the deed states that "it is not effective to convey title ... until Grantors, [Decedent] and [Appellant's] death," it complies with the requirement that the deed not take effect until the owner's death. According to Respondent, the language of the deed does not create the transfer of the title, but title is transferred by operation of law after the owner makes the proper recital. Since the deed does not take effect until after Decedent's death, so Respondent's theory goes, the deed makes an appropriate recital and was effective at Decedent's death to give a life estate to Appellant and the remainder to Respondent. However, Respondent makes no explanation for the language in the deed purporting to make the transfer *382 ineffective until the death of Appellant as well as Decedent. We cannot ignore this language which, as noted, violates the statutory requirement that the deed contain an express statement that it is not effective until the death of the owner by placing a further restriction on the transfer of the property. Section 461.025.1. Appellant's first point is granted and we reverse the judgment of the trial court.
In her second point, Appellant contends that the trial court erred when it denied her request for a determination that, because the beneficiary deed was invalid and the property passed through [Decedent's] will to the Family Trust at his death, she had a right to revoke or amend Article 2 of the Family Trust (Survivor Spouse's trust) pursuant to the Trust's revocation provision and receive the property. The trial court, when it found that the beneficiary deed was valid and effective, determined that the property did not pass according to Decedent's will. As a result, the trial court found any claims regarding the Family Trust to be moot. Since the trial court made no determination on this issue, there is nothing for our review. We reverse and remand to the trial court for further proceedings consistent with this opinion.
The judgment is reversed and remanded.
PREWITT, J., dissents in separate opinion.
RAHMEYER, J., concurs.
JAMES K. PREWITT, Judge, dissenting.
I respectfully dissent. I think it is clear what the parties to the deed, including appellant, intended. I believe the deed is effective as a deed in general, and it is not prohibited by the beneficiary deed statute cited and relied on in the majority opinion. There is no question about delivery, as the deed was recorded, which establishes a presumption of delivery.
I think that the reference to the repealed statute has no effect except as it tends to reflect the intent of the grantors. Considering the deed as a whole, when the parties clearly intended to create a life estate in appellant, the later reference to "title" must mean the fee would not effectively be in respondent until both grantors had died. "Title" in this situation appears to be ambiguous, and its meaning can only be reconciled with the obvious intentions of the parties that respondent would not have the right to possession and full "title" to the property until the death of both grantors.
I do not believe that there is anything in the beneficiary statute effective at the time of the deed that prohibits such a deed as made by the parties. I would, therefore, give it the effect that the parties intended and affirm the judgment.
NOTES
[1] Section 461.033 provides, in pertinent part, that "[a] beneficiary designation may be revoked or changed in whole or in part during the lifetime of the owner" and that "[a] revocation or change of a beneficiary designation involving property of joint owners may only be made with the agreement of all owners then living." All statutory references are to RSMo (2000) unless otherwise indicated.
[2] Respondent also filed other counterclaims which were otherwise disposed of by the trial court and do not present issues on this appeal. Respondent also apparently filed a third-party petition against Appellant in her capacity as trustee of the Family Trust and Respondent's Trust. Since the third-party petition is not included in the legal file before this court, we can only speculate about its contents, but from the record it appears that it was filed to include Appellant in her capacity as trustee and presumably mirrored the claim presented in the counterclaim against her to be discussed in this opinion. The parties do not take positions on this appeal that would indicate otherwise.
[3] Appellant also moved for summary judgment on three other issues, but the rulings on those are not appealed here.