Carol FISCHBACH and Robert Holzberlein, Plaintiffs–Appellees,

v.

Timothy HOLZBERLEIN, Defendant–Appellant.

No. 08CA1536.

Colorado Court of Appeals, Div. IV.

June 11, 2009.

Wills & Adams, LLP, Wm. Andrew Wills, II, John S. Pfeiffer, Colorado Springs, CO, for Plaintiffs–Appellees.

Terry E. Rector, LLC, Terry E. Rector, Colorado Springs, CO, for Defendant–Appellant.

Opinion by Judge CARPARELLI.

Defendant, Timothy Holzberlein, appeals the summary judgment in favor of plaintiffs, Carol Fischbach and Robert Holzberlein. We affirm.

In 2003, Mary Holzberlein (decedent) established a trust and named herself as sole trustee and sole beneficiary during her lifetime. She named her son, Richard Holzberlein, as successor trustee, and named her children, Richard, Timothy, and plaintiffs, as equal beneficiaries upon her death. Decedent later transferred property into the trust, including real property referred to as the "Boulder Street Property" and the "Spencer Road Property." In 2005, decedent, in her capacity as trustee, signed two beneficiary deeds purporting to grant Richard title to the Boulder Street Property (recorded in El Paso County at 205109462) and Timothy title to the Spencer Road Property (recorded in El Paso County at 205109463).

Decedent died in 2007. After her death, Richard, as the trustee, executed quitclaim deeds naming himself as grantee of the Boulder Street property (recorded in El Paso County at 207062838) and Timothy as grantee of the Spencer Road Property (recorded in El Paso County at 207076552).

In September 2007, plaintiffs filed a complaint as beneficiaries of the trust, stating seven claims for relief, including two claims alleging that the beneficiary deeds purporting to transfer the Boulder Street Property and Spencer Road Property from the trust to Timothy and Richard were void as a matter of law and asking for a declaratory judgment quieting title to the properties. In October, plaintiffs filed a motion for partial summary judgment asserting that the trust was not an "owner" or "grantor" within the definitions of section 15-15-401, C.R.S.2008, and that Richard's execution of the quitclaim deeds breached his fiduciary duties as trustee. On February 15, 2008, Timothy and Richard filed a complaint to reform the beneficiary deeds, which the court and the parties treated as a counterclaim.

By orders dated February 28 and April 28, 2008, the trial court granted the motion for partial summary judgment, quieting title and concluding, as matters of law, that the beneficiary deeds are invalid and that the quitclaim deeds Richard executed after decedent's death are also invalid. In an order dated April 1, 2008, the court dismissed Richard and Timothy's claim for reformation of the deeds. In June 2008, the court certified the April 28, 2008 order granting partial summary judgment and quieting title as a final judgment under C.R.C.P. 54(b). Timothy timely appealed.

Also in June 2008, Carol and Robert were permitted to amend their complaint, withdrawing the remaining four original claims, and adding three new claims. The added claims were resolved either by summary judgment or after a trial to the court. However, the appeal before us has not been amended to include these rulings.

## I.

We review the trial court's grant of summary judgment de novo. Summary judgment is a drastic remedy and may only be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *Murry v. GuideOne Specialty Mut. Ins. Co.*, 194 P.3d 489, 491 (Colo.App.2008). The moving party has the burden of establishing that there are no genuine issues of fact, and we must resolve all doubts as to the existence of a material factual dispute against the moving

party. *See Aspen Wilderness Workshop, Inc. v. Colo. Water Conservation Bd.,* 901 P.2d 1251, 1256 (Colo.1995).

## II.

Timothy contends that the trial court erred when it concluded that the beneficiary deeds were invalid under sections 15–15–401 to –415, C.R.S.2008. We disagree.

Statutory interpretation is a question of law that we review de novo. *Bryant v. Community Choice Credit Union,* 160 P.3d 266, 274 (Colo.App.2007). Under the basic principles of statutory interpretation, we first determine whether the statutory language has a plain and unambiguous meaning. "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.,* 519 U.S. 337, 341, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997). We read the statutory scheme as a whole to give "consistent, harmonious and sensible effect to all of its parts." *Colo. Water Conservation Bd. v. Upper Gunnison River Conservancy Dist.,* 109 P.3d 585, 593 (Colo.2005) (quoting *Bd. of County Comm'rs v. Costilla County Conservancy Dist.,* 88 P.3d 1188, 1192 (Colo.2004)). We will not adopt a statutory interpretation that leads to an illogical or absurd result or is at odds with the legislative scheme. *Bryant,* 160 P.3d at 274.

Article 15 of title 15, C.R.S.2008, is captioned "Nonprobate transfers at death." Part 4 is titled "Transfer of real property effective on death." Section 15–15–401(1) defines a beneficiary deed as "a deed, subject to revocation by the owner [grantor], which conveys an interest in real property and which contains language that the conveyance is to be effective upon the death of the owner [grantor]." *See* § 15–15–401(4) (defining "owner" as the grantor of the deed). In accordance with section 15–15–402(1), the transfer of real property by a beneficiary deed shall be effective only "upon the death of the owner."

Here, the trial court concluded that the wording of part 4, which authorizes beneficiary deeds, does not permit a trust to be a grantor or an owner. The court determined that the language of the statute stating that the transfer of property takes place at the "death" of the owner means that the owner must be a natural person and not an entity. The court said it would not "rewrite, interpret or twist the statutory language" to find that because the trust was established by decedent, a person, the beneficiary deeds were valid and the conveyance took place at the time of her death.

Looking at the language itself, the context in which it is used, and the broader context of the statutes as a whole, we also conclude that the plain and unambiguous meaning of part 4 is that the owner of the property and grantor of the deed must be a natural person. The words "death" and "lifetime" are repeated throughout the part, aptly titled "Transfer of real property effective on death." The statutes do not state or imply that a trust can be a grantor of a beneficiary deed, and we decline to strain the statutory language to expand its explicit scope.

Therefore, we conclude that the beneficiary deeds executed by decedent are invalid as a matter of law and the trial court did not err when it granted partial summary judgment as to their invalidity.

## III.

To the extent that Timothy contends the trial court erred when it ruled that the beneficiary deeds could not be reformed, we disagree.

In *Pippin v. Pippin,* 154 S.W.3d 376, 381 (Mo.Ct.App.2004), the Missouri Court of Appeals determined that a beneficiary deed is invalid if it does not meet the statutory requirements, regardless of the reasons for challenging it. It also determined that a beneficiary deed that is invalid as a matter of law may not be remedied by reformation. *Pippin,* 154 S.W.3d at 381 (citing *Groh v. Ballard,* 965 S.W.2d 872, 873–74 (Mo.Ct.App. 1998)). Reformation is also unavailable to correct an invalid donative instrument made after execution of a trust or will. Restatement (Third) the Law of Property: Wills & Other Donative Transfers § 12.1 cmt. h &

illus. 2 (2003) (reformation not available to modify a document in order to give effect to the donor's post-execution change of mind). We agree with the analysis in *Pippin* and apply it here.

We, therefore, conclude that the court did not err when it dismissed Timothy and Richard's complaint on the basis that the beneficiary deeds could not be reformed.

### IV.

 Timothy further contends that the trial court erred when it did not reform the trust under equitable principles because the beneficiary deeds evidenced decedent's clear intent to transfer the properties. However, because he did not present this argument to the trial court, we will not consider it. *See Estate of Stevenson v. Hollywood Bar & Cafe, Inc.*, 832 P.2d 718, 721 n. 5 (Colo.1992) (issues not raised in the trial court may not be raised for the first time on appeal).

The judgment is affirmed.

Judge WEBB and Judge LICHTENSTEIN concur.