**Nikki DELCOUR, personal representative of the Estate of Jonathon Goodman, Respondent,**

v.

**Anita Sue RAKESTRAW, Appellant,**

and

**Kimberly Dawn Pauley and Shawna Leann Goodman, Respondents.**

**No. SD 30538.**

Missouri Court of Appeals,
Southern District,
Division Two.

April 25, 2011.

Donald W. Ingrum, Branson, MO, for appellant.

R. David Ray, Ray & Fisher, West Plains, MO, for Respondent Kimberly Dawn Pauley.

DANIEL E. SCOTT, Chief Judge.

A trial court ruled that Kenny and Anita Goodman's 1998 beneficiary deed was effective and conveyed Kenny's solely-owned property to his children (by prior marriages) when he died in 2001. The parties on appeal[1] agree that *Pippin v. Pippin,* 154 S.W.3d 376 (Mo.App.2004) supports reversal unless a post-Pippin statutory amendment works a different result. This presents a question of law that we review *de novo.*

**Common Law and Beneficiary Deeds**

Under American and English common law, a deed could not be used to transfer a decedent's title to real estate at death. Such deeds were void because they purported to function as wills without complying with the Statute of Wills. 2 Patton and Palomar on Land Titles § 333 (3d ed.2002).

Now, however, Missouri authorizes beneficiary deeds by statute. A properly recorded deed that "expressly states that the deed is not to take effect until the death of the owner, transfers the interest provided to the designated grantee beneficiary, effective on death of the owner." § 461.025.1.[2] An "owner" is a person having a right, exercisable alone or with oth-

---

1. Anita Goodman, since remarried, is now Anita Rakestraw, the appellant. We refer to her and some others by their first names for clarity. The named respondents are Kenny's three children, only two of whom had an interest in this appeal. One of those (Jonathon Goodman) has passed away and his estate's personal representative (Nikki Delcour)

has been substituted. The other (Kimberly Pauley), being the only respondent who filed a brief or argued in this court, is referred to herein as "respondent."

2. Unless otherwise indicated, statutory references are to RSMo as supplemented through 1995.

ers, to designate the beneficiary of a nonprobate transfer, and includes joint owners. § 461.005(8).

### Pippin

*Pippin* involved a beneficiary deed that would not have taken effect until *both* the owner *and* a non-owner died. Charles and Karen Pippin's beneficiary deed, as to land solely owned by Charles, purported to grant Karen a life estate and the remainder interest to Charles' son, and stated that it was "not effective to convey title to the above described real estate until Grantors, [Charles'] and [Karen's] death." 154 S.W.3d at 377.

This court considered the statutory text, history, and requirement of an express statement that such a deed not take effect "until the death of the owner." *Id.* at 379–81. Efficacy of the Pippins' deed hinged upon deaths of both the owner (Charles) and a non-owner (Karen), so it was not valid as a beneficiary deed or otherwise.[3] *Id.* at 381–82.

### The Instant Case—Facts and Background

The parties agree that this case is factually analogous to *Pippin.* In 1998, Kenny Goodman's mother gifted him 80 acres as his sole property. Kenny and Anita, his wife, immediately executed and recorded a form beneficiary deed in favor of two of Kenny's children. The deed identified Kenny and Anita as "Grantor(s)" and stated that it was "not effective to convey title

... until Grantor's death or the death of the last to die of two or more Grantors."

Kenny died intestate in 2001. A partition suit was filed in 2003 and tried in 2008. The court ruled, in pertinent part, that the beneficiary deed was valid and that Kenny's two children owned the 80 acres.[4]

### Analysis

Anita urges that *Pippin* controls this case and mandates reversal.[5] Respondent expressly agrees this case is "nearly identical in salient facts, and the result here would be the same as in *Pippin* if not for the amendment of the statute," citing a § 461.005(8) amendment seemingly directed at the *Pippin* problem.[6]

When *Pippin* was decided and when all earlier actions relevant to this case occurred, § 461.005(8) defined "owner" as "a person or persons having a right, exercisable alone or with others, to designate the beneficiary of a nonprobate transfer, and includes joint owners." Nine months post-*Pippin,* a statutory amendment added the italicized language below:

> (8) "**Owner**", a person or persons having a right, exercisable alone or with others, *regardless of the terminology used to refer to the owner in any written beneficiary designation,* to designate the beneficiary of a nonprobate transfer, and includes joint owners. *The provisions of this subdivision shall apply to all beneficiary deeds executed and filed at any time, including, but not limited*

---

3. The deed failed at common law, as noted above, because it disclaimed any present effect.

4. The trial included other property, parties, and issues not involved in this appeal.

5. No argument has been made that Anita is estopped, as a grantor under the deed or otherwise, from denying the deed's validity.

6. A respected commentator cautioned, however: "Whether the amendment will have the desired effect remains to be seen." 4A Mo. Prac., Probate & Surrogate Laws Manual § 461.005 (2011 ed.).

*to, those executed and filed on or before August 28, 2005 [.]*

Respondent claims this "cured" the problems noted in *Pippin.* As much as we might like to agree, we cannot do so for at least two reasons.[7]

First, no one claims that Anita was an "owner." Everyone agrees that she was not. Amending the "owner" definition does not affect her or the case.

Second, the amendment does not expand, contract, or otherwise change who, by statute, is an "owner" (*i.e.,* someone who can designate a nonprobate transfer beneficiary). It merely confirms something already true—one who fits the statutory definition is an "owner" regardless of an instrument's terminology.[8] Here, as in *Pippin,* it is not so much that the deed said "grantor" as that Anita was not an "owner." *Compare Pippin,* 154 S.W.3d at 381:

> This purported deed expressly states that it is not to take effect until the "Grantors, [Decedent] and [Appellant's]

death." Decedent was the owner of the property. *Appellant was not an owner under the statutory definition, nor does either party allege otherwise.* As it is written, the deed does not comply with the requirement of an express statement that it is not effective until the death of the owner as it attempts to make the deed ineffective until after the death of a non-owner as well.

[our emphasis].[9]

### Conclusion

The 2005 amendment does not affect *Pippin*'s application here or yield a different outcome.[10] We reverse and remand for further proceedings in conformity with this opinion.

BATES, J., concurs in principal opinion and in separate concurring opinion.

FRANCIS, J., concurs in separate opinion.

---

7. Because constitutional issues should not be determined unless necessary (*see State ex rel. Union Elec. Co. v. Public Service Com'n,* 687 S.W.2d 162, 165 (Mo. banc 1985)), we do not reach Anita's suggestion that applying the amendment here "may well violate" Mo. Const. art. 1, § 13's limitation on retrospective application of laws.

8. The deed forms used here and in *Pippin* cited a 1989 version of § 461.025 which spoke in terms of "grantor," not "owner."

9. To skirt the problem by ignoring the deed's last-to-die language would violate the statutory scheme. By definition, a "nonprobate transfer" takes effect upon an owner's death pursuant to a "beneficiary designation," which is a written provision "that designates the beneficiary of a nonprobate transfer, including the transferee in an instrument that makes the transfer effective on death of the owner, and *that complies with the conditions of any governing instrument ...*" [our emphasis]. § 461.005(2) & (7).

10. That said, one can hardly criticize Anita's joinder in the deed, because any real estate conveyance "without the joinder or other written express assent" of one's spouse is presumed to be in fraud of marital rights. § 474.150.2. "This section has the 'apparent purpose ... to shift the burden of proof to the grantee to disprove fraud where real estate is conveyed by the husband alone without the joinder or written and acknowledged assent of his wife; the subsection was obviously written to compel joinders.'" *In re Estate of Brown,* 800 S.W.2d 137, 138 (Mo.App.1990)(quoting *Reinheimer v. Rhedans,* 327 S.W.2d 823, 828–29 (Mo.1959)). "For these reasons," one commentator warns, "the spouse should always join in the deed of a married person." 6 Mo. Prac., Legal Forms § 2:65 (3d ed.2003). We acknowledge this dilemma, but we are not authorized or best-suited to devise an appropriate remedy, which lies with the legislature instead.

WILLIAM W. FRANCIS, JR., Judge, concurring.

I concur in the principal opinion. I would add that neither *Pippin* nor this opinion should be read as a condemnation of the use of beneficiary deeds. The decision in Pippin, and in this case, is mandated upon the facts and record before us of an attempt to make the deed effective, within the body of the deed, upon the death of a non-owner.